# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## OCTOBER SESSION, 1880.

[No. 6,957.—Department Two.]

## ESTATE OF ANDRES PICO.

ESTATES OF DECEASED PERSONS — FORMER ADJUDICATION — ESTOPPEL — FIND-
INGS.—The petition of R. P. alleged (besides jurisdictional facts), that he
was the illegitimate son of A. P., deceased, and that he had been recognized
by A. P. in his lifetime as his son and heir, by an instrument in writing
for that purpose, made as provided by law; that P. P. had been appointed
administrator, and that he had wasted and mismanaged the estate; and
prayed for the removal of P. P., and the appointment of R. P. The Court,
after hearing evidence as to the management of the estate, made an order
removing P. P. from his office; and afterwards, after hearing evidence as to
the right of R. P. to the administration, found in effect, that the allegations
of the petition were true; but also found, that, before the filing of the present
petition, R. P. and P. P. had filed petitions for letters, the former alleging
that he was the son and heir, and the latter, that he was the brother and
one of the heirs of the deceased; that upon the contest thus arising, the jury
found that R. P. was the illegitimate son of the deceased, and that said de-
ceased, in his lifetime, publicly acknowledged him as his son, and received
him as such in his family, and otherwise treated him as such; that the said
R. P. was not a minor on the 1st day of January, 1873, and that the deceased
did not in his lifetime, in writing, signed in the presence of a competent
witness, acknowledge himself to be the father of the said R. P.; that, upon
these findings, R. P. was appointed administrator, but that upon appeal the
order was reversed, and the cause remanded, with directions to dismiss the
petition of R. P., on the ground that he was not a minor on the 1st day of
January, 1873, and that his petition was accordingly dismissed by the Pro-
bate Court, and P. P. appointed administrator; but the Court further found,
that the question, whether the deceased in his lifetime, in writing, signed in
the presence of a competent witness, acknowledged himself to be the father
of said R. P., was not within the issues, and was not determined by the former

proceedings. *Held*, that the former adjudication, as found, estopped R. P. from making any claim to letters of administration by virtue of his being son and heir of the deceased; but that, inasmuch as the Court removed P. P. for neg!ect, mismanagement, and incompetency, it had the power, under § 1365 of the Code of Civil Procedure, to grant letters to R. P.

ID.—ID.—ID.—QUERY.—The question as to the conclusiveness of the adjudication upon the rights of R. P. on the final distribution, not decided.

APPEAL from an order appointing an administrator, in the Probate Court of the County of Los Angeles.  STEPHENS, J.

*Glassell, Smith & Smith*, for Appellant.

The proceeding under art. v (Code Civ. Proc. §§ 1383–1386) is in effect a suit by the petitioner against the administrator in his personal and in his representative capacity, and cannot be carried on where there is no administrator.   Hence, there was no jurisdiction in the Court to hear the petition under § 1383; an acting administrator to be removed being the first requisite jurisdictional fact.

Nor can the rights of the *legitimate* heirs of the estate be determined and concluded in a proceeding to which they are not parties, and from which the administrator, their representative, had been dismissed.  (*Taylor* v. *Savage*, 1 How. 282; *Willis* v. *Farley*, 24 Cal. 502.)

Nor can the further proceedings of the Court, and the appointment of Romulo as administrator, be sustained on the ground claimed by respondent's attorneys, namely, under § 1137 of the Code of Civil Procedure.

The proceeding was not under art. iv (Code Civ. Proc. §§ 1371, *et seq.*), nor was there any proceeding initiated by Romulo under this article.

If we should consider the petition as being under this article, it would be totally void.

For so long as there is an administrator, the Court has no jurisdiction to appoint another, or to consider any application therefor, except under the provisions of art. v, Code Civ. Proc. § 1383–1386; and any proceeding for that purpose is absolutely void.  (*Haynes* v. *Meeks*, 20 Cal. 310, 311; *Estate of Hamilton*, 34 id. 468.)

It was absolutely essential, therefore, in order to justify Romulo's appointment under the general provisions relating to

the appointment of administrator (Code Civ. Proc. §§ 1371, et seq.), that a petition should have been filed *after the removal of Pio*. And the Court no more had power to appoint him upon a petition filed for a different purpose, and before the administration became vacant, than it would have had upon a petition filed in the lifetime of Andres.

The petitioner Romulo Pico was estopped by the former proceedings and order dismissing his first petition and the decree awarding the administration to Pio Pico. (Code Civ. Proc. § 1908; *Garwood* v. *Garwood*, 29 Cal. 521.)

The judge below expressly finds the former petition by Romulo, the contest and petition by Pio, the verdict of the jury, the order appointing Romulo, the judgment of the Supreme Court reversing the order, the dismissal of Romulo's petition in pursuance of the remittitur, and the appointment of Pio.

The other portions of the finding are mere statements of legal conclusions, erroneously drawn from the facts found, and are mere surplusage.

*Cameron E. Thom*, and *Brunson & Wells*, for Respondent.

The only questions before this Court are:

1. Had the Probate Court jurisdiction of the proceeding, and are the proceedings regular?

2. Is the order of the Court sustained by the findings?

The question is simply as between Romulo petitioner, and Pio contestant.

It is urged by demurrer that the petition of Romulo Pico is insufficient, because with it is united a petition for the removal of Pio Pico and the appointment of himself.

Should the Court hold that the effect of the written recognition provided for in § 1387 of the Civil Code is to make the illegitimate a *son in fact*, then the proceeding was proper under § 1383 of the Code of Civil Procedure.

We, however, take the ground that the proceedings to remove and appoint may be conducted at the same time. The Court taking the proof on the question of removal first, and having determined to remove, then hearing evidence on the appointment.

This course is reasonable, expedient, prevents a hiatus, saves expense, and is the method pointed out in §1426 of the Code of Civil Procedure.

If this is not the method pointed out in the Code, then we say that there is certainly *no* practice provided on the subject; and in this event the Court may adopt any reasonable practice as incident to the exercise of its jurisdiction. (*Mawson* v. *Mawson*, 50 Cal. 539; Code Civ. Proc. § 187.)

As to the estoppel, *under the Code there are two distinct ways of recognizing illegitimate offspring.*

It is provided by § 230, Civil Code:

" The father of an illegitimate child, by publicly acknowledging it as his own,        *        *        *        and otherwise treating it as if it were a *legitimate child,* thereby adopts it as *such,* and such child is thereupon deemed for all purposes *legitimate from the time of its birth.*"

This can only be done during the minority of the child. (*Estate of Pico,* 52 Cal. 84.)

The effect of this treatment towards the minor child makes him, in *fact,* a *child* legitimate in all respects, like children born in wedlock. He is no longer illegitimate. He becomes a brother of the half-blood to the other children of his father by a different mother.

But under § 1387 of the Civil Code, the effect is only to make the child simply *an heir.* See the language:

" Every illegitimate son is the *heir* of the person who, in writing," etc. This section is found in the chapter on Succession; § 230, in the chapter on Adoption.

It is only the " children " who are entitled to administration, and the heir under § 1387 of the Civil Code has no right as such to administer. The acknowledgment in writing gives to the illegitimate the simple quality of inheritance, and nothing else.

We call attention to this manifest distinction, in order to show that *the question of heirship by acknowledgment in writing was not in issue on the application for letters in* 1876; and therefore the verdict of the jury upon the application was a nullity, and works no estoppel.

*Estoppel can be set up only of such matters as were in issue.* (*Boggs* v. *Clark,* 37 Cal. 236; Bigelow on Estoppel, p. 84, *et seq. ;*

*Striker* v. *Kelly*, 7 Hill, 9; *Florence* v. *Jenings*, 2 Com. B. N. S. 454.)

There is no estoppel founded upon an immaterial issue. (*Sweet* v. *Tuttle*, 14 N. Y. 465.)

THORNTON, J.:

On the 9th of July, 1879, Romulo Pico filed a petition in the Probate Court for the county of Los Angeles, alleging that Andres Pico died intestate in the county aforesaid, on or about the 14th day February, 1876, leaving property in said county of the value of or about $20,000; that on the 18th of October, 1877, Pio Pico was duly appointed administrator of said estate, and on the same day duly qualified as such administrator, and from that day was the acting administrator of said estate; that on the 30th October, 1877, said Court made an order requiring said administrator to publish notice to creditors required by law, which the administrator has wholly failed and neglected to do; that said administrator has wholly failed and neglected to have made and returned to the Court any inventory or appraisement of said estate; that the administrator has paid no claims against said estate, though several have been presented and allowed, and has wholly neglected said estate, and failed to perform his duties as such, and has wasted and mismanaged the property of the estate; that he is now near the age of eighty years, does not speak the English language, is now and has been for more than two years last past most of the time absent from the county of Los Angeles, wherein the property of the said estate is situated, and which requires attention for its proper management; and by reason of the facts aforesaid, is incompetent properly to act and discharge the duties of his trust.

The petitioner further states, that he is the sole heir-at-law of the estate of said Andres Pico, and as such is directly interested in the proper administration thereof; that he is the illegitimate son and child of said Andres, and was by said Andres in his lifetime, in writing, by an instrument for that purpose made, as the law provided, duly recognized as his son and heir.

The petitioner then asks that an order be made, suspending the powers of Pio Pico as the administrator of said estate until the matters and things charged in the petition can be investi-

gated; that notice be given to Pio Pico, and that he be cited to appear at such time as may be designated, and show cause why his letters of administration should not be revoked; and that on said hearing said letters be revoked, and letters of administration be granted to the petitioner.

On this petition, the Court ordered that a citation issue, as prayed for, to Pio Pico, commanding him to appear in Court on the 21st of July, 1879, and show cause why the prayer of the petition should not be granted.

On the 19th of August, 1879, Pio Pico demurred to this petition, on several grounds; and on the same day, without waiving his demurrer, filed an answer to it, in which he denied the allegation of the petition as to his incompetency to discharge the duties of administrator, mismanagement, neglect, etc., and pleaded, as an estoppel to the claim of the petitioner for letters of administration, a former adjudication.

Notice by posting was given to all parties interested of the hearing on the petition and answer above mentioned. The matters came on to be heard, and on the 25th of October, 1879, the Court removed Pio Pico from the administration, revoked and annulled his letters, and granted letters to the petitioner Romulo.

By its findings and order, the Court found and adjudged that Romulo Pico was the illegitimate child of the intestate, and that the intestate in his lifetime, in writing, signed in the presence of a competent witness, duly acknowledged himself to be the father of Romulo; and further adjudged that Romulo was the heir of Andres Pico, deceased, and entitled to letters of administration on his estate. From this order Pio Pico appeals.

As to this adjudication, the Court found as follows:

" Shortly after the death of said deceased, to wit, on the 23rd of February, 1876, the said Romulo Pico filed his petition in this Court, praying for the issuance of letters of administration on said estate to him, and alleging as grounds therefor that he was the son of said deceased. Afterwards, to wit, on February 25th, 1876, the said Pio Pico filed his petition in said Court, alleging that he was the brother and one of the heirs of said deceased, and on the 6th day of March, 1876, also filed a written opposition to the issuance of letters to the said Romulo, alleging that

he was the sole surviving brother of said deceased, and therefore entitled to letters of administration, and denying that said Romulo was the surviving son of said deceased.

"Afterwards, to wit, on the —— day of ——, 1876, a jury was empanneled to try the said issues between the said Romulo and the said Pio Pico; and on the 4th of April, 1876, the jury returned their verdict, wherein they found, among other things, that the said Romulo was the illegitimate son of the said Andres Pico. That the said Andres did, in his lifetime, publicly acknowledge him, the said Romulo, as his son, and received him as such into his family, and otherwise treated him, the said Romulo, as if he was the legitimate son of said Andres; and further, that on the first day of January, 1873, the said Romulo was not a minor under the age of twenty-one years. The jury also found, that the said Andres did not, in his lifetime, in writing signed in the presence of a competent witness, acknowledge himself to be the father of said Romulo, and also that the said Andres was never married. Afterwards, to wit, on the 24th day of July, 1876, an order was made and entered by this Court, reciting the said verdict, and directing letters of administration to be issued to the said Romulo on said estate. Afterwards, said cause having been taken to the Supreme Court of said State on appeal, the said order was reversed, and cause remanded by that Court, with directions to this Court to dismiss the petition of said Romulo, on the ground that he was not a minor under the age of twenty-one years on the 1st day of January, 1873, when § 230 of the Civil Code of said State went into effect, under which the said Romulo alone claimed in the proceedings in this finding mentioned. The petition of said Romulo was accordingly dismissed; and afterward, an order was made by this Court directing letters of administration on said estate to be issued to the said Pio Pico, which was accordingly done on the 30th day of October, 1877, as herein before stated in finding number two. The said petition of said Romulo, and the said contest of said Pio Pico of 1876, did not present the same issues as to the right of the said Romulo to letters of administration on said estate, or as to his relationship to said deceased, as are presented by the present petition of said Romulo and the present contest of said Pico. The ques-

tion whether the said deceased ever in his lifetime, in writing, signed in the presence of a competent witness, acknowledged himself to be the father of said Romulo, was not within the issues, and was not determined by any of the aforesaid proceedings of 1876 and 1877."

We are of opinion, that this adjudication, as found, estopped Romulo from making any claim to letters of administration by virtue of his being the son and heir of the deceased intestate. All his rights as such to letters was passed on and decided against him in the proceedings commenced in 1876. Whether he was the legitimate son of Andres Pico, or his illegitimate son, and duly adopted or legitimated, was concluded by the order made in that case. His right, if he ever had any, existed in 1876; he had an opportunity of then bringing it forward to be passed on, and whether he did or not, he is alike concluded by the judgment rendered in that proceeding. The allegations of the petition in the proceedings of 1876, and the denials thereof, as found by the Court (see above finding), put all the matters in issue as to Romulo being a son of Andres, and therefore entitled to letters of administration. All the evidence, of whatever character, to establish such a fact could have been introduced under the issues of that proceeding. The adjudication in that proceeding is an estoppel in this. (*Garwood* v. *Garwood*, 29 Cal. 521; § 1908, Code Civ. Proc.)

But inasmuch as the Court removed Pio Pico from the administration for neglect, mismanagement, and incompetency, it had the power, under § 1365 of the Code of Civil Procedure, to grant letters to the petitioner. There is nothing in § 1379 of the Code of Civil Procedure which deprives the Court of this power.

We do not intend to herein decide anything as to the conclusiveness of the adjudication upon the rights of Romulo on the final distribution.

We have considered the other points discussed on the argument arising on the demurrer of Pio Pico to the petition of Romulo, and the appeal of Oxarat, and find no error in the case in relation to them.

We must, therefore, affirm the order of the Court below, and it is so ordered.

SHARPSTEIN, J., and MYRICK, J., concurred.