[No. 3779.]

# JACKSON WILCOXSON *v.* MOSES SPRAGUE AND HOWELL CLARK.

CONSTRUCTION OF DEED.—If the granting clause in a deed conveys all the interest of the grantor, and a clause is also inserted stating that the interest conveyed is only that acquired by the grantor from B., and the grantor has not acquired any interest from B., but owns an interest acquired from another person, the interest of the grantor passes by the deed.

IDEM.—A deed is to be so construed as, if possible, to give effect to it as a conveyance, and if it contains a clause which is repugnant to the general intention of the deed, this clause is void.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover a tract of land adjoining the city of Sacramento, described as ten-acre tract No. 76, as laid down on a map made by H. Custer. The demanded premises are a part of the grant made by the Mexican nation to John A. Sutter, on the 18th of June, 1841. Sutter owned the

demanded premises on the 14th day of September, 1852, and then conveyed them to William S. Mesick. Mesick conveyed undivided interests in the premises to P. L. Edwards, and, also, on the 23d of May, 1855, conveyed an undivided one tenth to Volney E. Howard; and Edwards, on the 3d day of November, 1855, conveyed one twentieth to Howard, and, on the 9th day of December, 1856, conveyed what remained to him back to Mesick. Mesick, on the 31st. day of October, 1857, conveyed all his interest to Jackson Wilcoxson and Jefferson Wilcoxson, and the latter, on the . 10th of April, 1868, conveyed to the plaintiff his interest. This was the plaintiff's title. From the above it will be seen that, on the 3d of November, 1855, Howard owned three twentieths undivided.

On the 20th of May, 1859, Brannan, Bruce, Graham, Grant, Werner, and said Howard, conveyed to Mesick several tracts of land including the demanded premises. This deed conveyed "all the right, title, interest, estate, claim and demand, be the same joint or several," of the grantors. After the *habendum* clause the sentence quoted in the opinion was inserted. On the 9th day of October, 1871, Mesick conveyed to Howell Clark, and the next day Clark conveyed to defendant Sprague, a portion of the premises. Thus it will be seen that if the conveyance from Brannan and others, and Howard, vested in Clark the interest which Howard had acquired from Mesick and Edwards, that Clark and Sprague owned three twentieths undivided. The court below held that it did not, and gave judgment for the plaintiff. The defendants appealed.

The other facts are stated in the opinion.

*McKune & Welty*, for the Appellant, argued that the clause in the deed of Howard being repugnant to the granting part of the deed was void, and cited *Havens* v. *Dale* (18 Cal. 366), and *Cutler* v. *Tufts* (3 Pick. 277).

*P. Dunlap*, for Respondent, argued that said clause in the deed took the demanded premises out of it, and cited *Morrison* v. *Wilson* (30 Cal. 344), and *Brannan* v. *Mesick* (10 Cal. 106).

By the COURT:

The deed of Volney E. Howard and others to William S. Mesick, omitting the last clause, purports to convey, and is sufficient to convey all the right, title, estate, etc., of Howard in and to all the tracts of land therein described; but it is claimed by the plaintiff that the last clause of the deed renders the instrument inoperative as a conveyance of the estate or interest of Howard. The clause is as follows: "It is expressly agreed that the interest hereby conveyed by the said Howard, is that only which he acquired by conveyance from S. C. Bruce." It is found, and the finding is not questioned, that Howard was then the owner of three undivided twentieths of the lands in controversy, but did not derive his title to the same from S. C. Bruce. A deed is to be so construed, if possible, as to give effect to it as a conveyance of some interest of the grantor in the lands therein described, and if a clause is therein found which is repugnant to the general intention of the deed, it is to be rejected as void. (*Cutler* v. *Tufts*, 3 Pick. 272; 3 Washburne on Real Prop., 343–628; 2 Hilliard on Real Prop., 489–541.) The repugnancy here is obvious, and the clause above cited must be rejected in the construction of the deed. The tenth finding, therefore, to the effect that Mesick did not acquire any right or title in the demanded premises, by the above-mentioned deed, is not sustained by the evidence; but on the contrary three undivided twentieths of the demanded premises, the interest therein then owned by Howard, did vest in Mesick by virtue of that deed, and that interest subsequently vested in the defendant Sprague.

It is urged by the defendants that the finding that Main street, in the town of Sutter, is the south line of the Hastings tract of land, is contrary to the evidence, and that the court should have found that the south line of that tract runs due east. This fact is material only as it affects the defendants' proposition, that the title which was conveyed by the deed of Sutter to McDougal is an outstanding title, and that the premises thereby conveyed include the premises in controversy. It is unnecessary to decide the ques-

tion at this time, and the evidence is not presented in such a manner that a satisfactory decision can now be made. The theory of the defendants is that the McKinstry tract is bounded on the south by the Hastings tract, and that the McDougal tract is bounded on the south by the McKinstry tract. The only evidence in support of this is the three deeds of those respective tracts. The Hastings deed is dated November 3, 1849; and the McKinstry deed, which describes the land conveyed as "adjoining the part of said town, now belonging to L. W. Hastings, Esq.," etc., is dated April 4, 1849. An earlier deed to Hastings is mentioned, but its contents were not proven. The deed to McDougal describes the land, if it can be said to contain an intelligible description—as "immediately adjoining and running with parallel lines with the half mile held by McKinstry & Co.," etc., and is dated June 19, 1849, which is prior to the Hastings deed. Those deeds utterly fail to establish the bounds of the McDougal tract.

Judgment and order reversed, and cause remanded for a new trial.