[No. 12606.   In Bank.—February 26, 1889.]

## JOHN McLENNAN, RESPONDENT, v. ALEXANDER A. McDONNELL, APPELLANT.

DEED — NOTICE TO SUBSEQUENT MORTGAGEE. — The evidence in this case held sufficient to prove actual notice of an unrecorded deed to the holder of a subsequent deed executed as a mortgage by the same grantor.

ID. — DELIVERY. — Evidence that a deed executed by the grantor in the house of the grantee, at his request was left lying upon the table of the grantee, who picked it up and put it away, is sufficient to prove a delivery of the deed, aside from any presumptions arising from the possession of the deed by the grantee.

ID. — CONSTRUCTION OF DEED — GRANT OF RIGHT, TITLE, AND INTEREST. — When a deed conveys all the right, title, and interest of the grantor, the words "being a one-half undivided interest" are not words limiting the extent of the previous terms of conveyance, or excepting out any interest conveyed by the previous terms.

QUIETING TITLE — CANCELLATION OF MORTGAGE — EFFECT OF JUDGMENT. — In an action to quiet title against a mortgagee of the grantor of plaintiff, who took a deed intended as a mortgage with actual notice of a prior deed from the same grantor to the plaintiff, a judgment quieting the title of plaintiff, and also canceling the mortgage of defendant as against the plaintiff, will not be modified upon appeal by striking out the cancellation, as the judgment quieting title will be followed by the same result as if the court had not ordered the cancellation of the mortgage.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The action was brought to quiet the title of the plaintiff to a portion of the Rancho San Pedro, situated in Los Angeles County. The defendant claimed that the

land in controversy had been conveyed to plaintiff wholly in trust for J. D. Campbell, the grantor of defendant, and that said Campbell had paid the whole of the purchase-money of $4,435 to Joseph Baxter, who had conveyed the title to plaintiff, and that said Campbell was the real and equitable owner of the land. The plaintiff claimed that the purchase from Baxter was a joint one, and that plaintiff and Campbell were tenants in common, and that he had subsequently purchased Campbell's interest. The court found that Campbell had paid $2,637.50 of the purchase-money, and plaintiff the sum of $1,797.50, and that plaintiff held the land under said purchase as trustee for Campbell in the ratio of $2,637.50 to $4,435. Further facts are stated in the opinion.

*J. G. McCallum,* for Appellant.

*Robert Hardie,* for Respondent.

Paterson, J.—Plaintiff and Campbell purchased the land in controversy from Baxter, who was then the owner thereof, on December 15, 1883. In the deed from Baxter, by direction of Campbell, plaintiff alone was named as grantee. It is admitted that plaintiff under this deed was trustee for Campbell to the extent of Campbell's interest. Campbell had exclusive possession of the land from the date last named until December 28, 1885. Plaintiff and Campbell were brothers-in-law, and plaintiff permitted the latter to occupy and cultivate the land at his own expense and risk, and for his own benefit, without rent. On the fifth day of June, 1884, Campbell made, executed, and delivered to plaintiff a grant, bargain, and sale deed of the land in controversy. The consideration named therein is the sum of sixteen hundred dollars, receipt whereof is acknowledged. This deed was neither acknowledged nor recorded. On December 28, 1885, Campbell made, executed, and delivered a warranty deed to defendant, purporting to convey all the land in

controversy to the defendant. The consideration expressed therein is one dollar, but the real consideration was a prior indebtedness of $3,035, which Campbell then owed to the defendant.

The principal points in the case depend on questions of fact. The court found: "That prior to the twenty-ninth day of December, 1885, and prior to the execution by Campbell to defendant of the alleged conveyance of said twenty-ninth day of December, 1885, the said defendant had full notice and actual knowledge of the fact that the said Campbell had for a valuable consideration transferred, sold, and conveyed to plaintiff all his (Campbell's) right, title, and interest in and to said land and premises, and every part thereof; that said notice was given by plaintiff to defendant subsequent to June 5, 1884."

Appellant attacks this finding on the ground that it is not supported by the evidence. We think this objection is not well taken. Plaintiff testified that he had a conversation with defendant in August, 1885, in which the defendant requested plaintiff to renew a mortgage securing payment of seven hundred dollars from plaintiff to defendant, and also to include in the new mortgage Campbell's indebtedness to defendant. Continuing his testimony, plaintiff said: "I told him I could not stand that,—my property could not stand that, and I refused to do so; . . . . he was telling me of Campbell's circumtances; . . . . that he lent Campbell considerable money. . . . . He was referring that I should help him out; . . . . that I should take on Campbell's indebtedness. . . . . I told him I would not do it. I told him how it was,—that I bought Campbell's interest, and could show it to him in black and white, if he wanted it." There is something in the testimony of the defendant, too, which seems to corroborate this statement of the plaintiff. In the transcript of his testimony, the following question and answer appear: "Q. Did not shortly after the

agreement,—not long after that agreement was made by which you,—upon which you lent the seven hundred dollars, did you not meet Mr. McLennan and want him to give a new mortgage, and include in it the indebtedness of Campbell to you, and he refused to do so, telling you that he owned the whole property? A. I think I did; yes, sir."

Upon this testimony we think the court was justified in finding the fact of notice, as quoted above. It is, therefore, unnecessary to consider the effect of the Baxter deed on the question as to how far it was constructive notice.

It is further claimed by appellant that there is no evidence to justify the finding of the court that the deed from Campbell to plaintiff was delivered to plaintiff. This contention is as weak as the first one. Plaintiff testified, when shown the deed referred to, that it was given to him in his own house by Campbell, on the day it was made,—on the fifth day of June, 1884,—and that it had been in his possession ever since; that the deed was drawn up by Mr. Shaw; that plaintiff requested Campbell to sign it, which he did, and after some general conversation as to the transaction, in which Campbell stated that the land was then in plaintiff's possession, Campbell signed the deed and left it lying on plaintiff's table, from which plaintiff picked it up and put it away. Aside from any presumptions arising from plaintiff's possession of the deed, this evidence is sufficient to sustain the finding of the court.

It is claimed that there is a conflict in the findings. It is said that the first finding, namely, "that the plaintiff was the owner of the entire property," is contradicted by finding 6, which shows that Campbell was the owner of $\frac{2637}{4435}$ thereof. This contention is based upon the construction which appellant gives the granting clause of the deed from Campbell to plaintiff. It is claimed that under this deed plaintiff took only an undivided one

half of the land' in controversy. The language of the deed is as follows: "Witnesseth: That the said party of the first part, for and in consideration of the sum of sixteen hundred dóllars, . . . . by these presents does grant, bargain, and sell, convey and confirm, unto the said party of the second part, and to his heirs and assigns forever, all the right, title, and interest of the party of the first part, the same being a one-half undivided interest in and to the following-described real property," etc. This deed clearly conveys "all the right, title, and interest" of Campbell. The words "being a one-half undivided interest" are " not words limiting the extent of the previous terms of conveyance, or excepting out any interest conveyed by the previous terms." (*Dodge* v. *Walley*, 22 Cal. 228; *Wilcoxson* v. *Sprague*, 51 Cal. 640.)

The court found that the deed from Campbell to defendant of December 29, 1885, was, in fact, a mortgage, and in the judgment it is ordered, adjudged, and decreed that said deed or mortgage "is, as against the plaintiff, null and void, and that the same be and is hereby canceled and made of none effect whatsoever as against said plaintiff." It is claimed by appellant that the judgment should be at least " modified so that defendant's mortgage may not be canceled, and that he may not be enjoined from a hearing upon it as a mortgage or otherwise." But the court, having found that defendant had full notice, actual knowledge, of Campbell's deed to plaintiff, it is immaterial whether the deed from Campbell to defendant be regarded as a conveyance of title or as a mortgage. As between plaintiff and defendant, the mortgage or conveyance is invalid, and can never be enforced by the defendant. He will be estopped by the judgment from claiming anything under it. The same result would follow from the judgment quieting title, if the court had not ordered the cancellation of the mortgage. (*Jackson* v. *Lodge*, 36 Cal. 54;

*Estate of Pico,* 56 Cal. 420; *Parnell* v. *Hahn,* 61 Cal. 131.)

Judgment and order affirmed.

McFARLAND, J., WORKS, J., THORNTON, J., and SHARP-STEIN, J., concurred.