## MARY J. HOBBS *vs.* CAROLINE PAYSON.

Knox.    Opinion June 6, 1893.

*Deed. Description. Words of Reference.*

The words of a grant, "all my right, title and interest in and to all real estate situated in Hope, Warren and Union," are sufficient to convey the grantor's estate there situated.

Words of reference or explanation in a deed do not destroy a specific grant.

ON EXCEPTIONS.

This was a real action in which the plaintiff relied upon two different sources of title ; *first,* under a mortgage from John Payson to one Counce, which came to the plaintiff by various mesne assignments ; and, *second,* under a quitclaim deed from said Payson, the description of the land conveyed being as follows : "All real estate situated in Hope, Warren and Union, meaning to convey all my right, title and interest in the real estate occupied by me."

The defendant claimed title under said Payson, and it was admitted that the title was in Payson at the time he executed the quitclaim deed.

It appeared from the evidence that the real estate demanded was at the time of the execution of the quitclaim deed, in the actual occupation of the grantor; and that there were other parcels of land covered by the general description in the deed, which, although formerly occupied by the grantor, were not at the time of the execution of the deed actually occupied by him.

The defendant claimed that, inasmuch as the explanatory clause in the quitclaim deed referred to real estate formerly occupied by the grantor, it did not convey the estate which was, then actually occupied by him. The court ruled otherwise and the defendant took exceptions.

The title under the mortgage was not passed upon by the court as the quitclaim deed was held sufficient to entitle the plaintiff to judgment.

*C. E.* and *A. S. Littlefield,* for plaintiff.
*J. H.* and *C. O. Montgomery,* for defendant.

HASKELL, J. The words of a grant, "All my right, title and interest in and to all real estate situated in Hope, Warren and Union," are sufficient to convey the grantor's estate there situated. *Bird* v. *Bird,* 40 Maine, 398.

An explanatory clause in such grant, "meaning to convey all my right, title and interest in the real estate formerly occupied by me," does not limit the grant to such estate only. It rather makes sure that such lands were to be included with those of which the grantor had the visible occupation. They are words of inclusion and not of exclusion.

Words of reference or of explanation never destroy a specific grant. *Maker* v. *Lazell,* 83 Maine, 562. They are useful where the description is imperfect and where it is aided rather than controlled by them. *Hathorn* v. *Hinds,* 69 Maine, 326 ; *Brunswick Savings Institution* v. *Crossman,* 76 Maine, 577 ; *Brown* v. *Heard, ante,* 294.

The court is of opinion that the quitclaim deed, upon which the plaintiff relies, conveys the land demanded.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and WISWELL, JJ., concurred.