[Civil No. 896.  Filed March 30, 1905.]

[80 Pac. 336.]

## MARTIN COSTELLO, Defendant and Appellant, v. B. F. GRAHAM et al., Plaintiffs and Appellees.

1. ACKNOWLEDGMENT—VALIDITY—LAWS ARIZ. 1903, P. 56, No. 37, CONSTRUED.—Where a power of attorney was executed in Massachusetts in 1902, and the form of acknowledgment was sufficient under the laws of that state, the defect in form under our statutes became cured by the provisions of the act, *supra.*

2. SAME—SAME—CHAPTER 120 OF THE PUBLIC STATUTES OF MASSACHUSETTS OF 1882, CHAPTER 253 (P. 243) OF THE STATUTES OF MASSACHUSETTS OF 1894, AND THE REVISED LAWS OF MASSACHUSETTS (P. 1225) CONSTRUED.—Where the form of acknowledgment used was sanctioned by chapter 120, *supra,* and in 1894 the legislature adopted another form, but provided that "either the form of acknowledgment now in use in this state or the following may be used," chapter 253, *supra,* and the Revised Laws of Massachusetts (p. 1225, *supra*) provided that "any conveyance or other written instrument might be acknowledged in any form and manner theretofore lawfully used," such form is proper.

3. EVIDENCE—TITLE—LETTERS—ADMISSIBILITY.—Letters from plaintiff's grantor, the holder of the legal title, acknowledging that another of plaintiff's grantors had an equitable interest in certain mining property, were admissible in evidence to establish the ownership in said grantor of an equitable interest in said property.

IX Ariz.—17

4. DEEDS—CONSTRUCTION—INTEREST CONVEYED.—A deed reading "does bargain, sell, release, and forever quitclaim unto the party of the second part . . . all his right, title, and interest, being an undivided one half of the following mentioned and described mining claims," is in fact a conveyance of the whole interest owned by the grantor, and is not limited to a conveyance of a half-interest only.

5. SAME—SAME—NOTICE—INNOCENT PURCHASER.—Where defendant, a subsequent purchaser, claims title under a deed purporting to convey an undivided one-half interest in certain mining ground, the declaration in a prior deed to plaintiff by the common grantor that he conveys "all his right, title, and interest, being an undivided one-half interest" in said property, imports notice to the defendant that there is an outstanding undivided one-half interest at the time of his purchase, and he is not, therefore, an innocent purchaser.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Ben Goodrich, for Appellant.

The power to English was special, and did not authorize him to bind his principal, Greene, by recitals in the deed to De Rhodes which were not necessary to the conveyance of the property. The only evidence whatever that Costello ever had any notice that Greene had conveyed the whole of the claims to De Rhodes is the recital in the deed made by English as attorney in fact, to De Rhodes, in the following language: "All his right, title, and interest, being an undivided one half of," etc.

The court found as a matter of fact that these recitals were constructive notice to Costello that De Rhodes owned the whole title, and that therefore Costello was not an innocent purchaser for value without notice. The power of attorney from Greene to English did not in terms authorize him to make any recitals whatever; the only authority he had was to sell the property, and no recitals that he could make would bind his principal, for the plain reason that he had no authority to make them.

A purchaser under a power must take notice of the limitations therein contained at his peril. *Ingersoll* v. *Truebody,*

40 Cal. 610; *Osborne* v. *Endicott,* 6 Cal. 153, 65 Am. Dec. 498; *Chaffee* v. *Brown,* 109 Cal. 220, 41 Pac. 1028; *Dight* v. *Chapman,* 44 Or. 265, 75 Pac. 589, 65 L. R. A. 7.93; *Distilled Spirits,* 11 Wall. 356, 20 L. Ed. 167; *Fidelity etc. Co.* v. *Courtney,* 186 U. S. 362, 46 L. Ed. 1193, 22 Sup. Ct. 833.

Street & Alexander, for Appellees.

The power of attorney was acknowledged in a way and with the fullness that entitled it to a place upon the records in Arizona Territory and entitled it to be admitted as evidence in this case. It meets the requirements of the statutes of Arizona. Act No. 37, Laws Ariz. 1903. But even if it did not, the acknowledgment was sufficiently good to allow the instrument to be admitted as evidence, for it is settled that a substantial compliance with the statute is sufficient. And as it was said by the supreme court of Texas in the case of *Butler* v. *Brown,* 77 Tex. 342, 14 S. W. 136, ''The omission from a certificate of acknowledgment of the statement that the deed 'was executed for the purposes therein expressed' is not a fatal defect,''—and then cited the case of *Monroe* v. *Arledge,* 23 Tex. 478, which lays down the doctrine that a literal compliance with the statute is not required in authenticating written instruments of record. That case is approved in *Muller* v. *Boone,* 63 Tex. 93; *Talbert* v. *Dull,* 70 Tex. 675, 8 S. W. 530; *Gray* v. *Koffman,* 82 Tex. 68, 17 S. W. 513. Further citations: *Belcher* v. *Weaver,* 46 Tex. 293, 26 Am. Rep. 271; *Livingstone* v. *Kettellee,* 1 Gilm. 116, 41 Am. Dec. 166.

A deed purporting to convey the whole title estops the grantor and those claiming under him as to further assertion of the legal title. That a deed is to be so construed as, if possible, to give effect to it as a conveyance; and if it contains a clause which is repugnant to the general intention of the deed, this clause is void. *Wilcoxson* v. *Sprague,* 51 Cal. 640; *McLennan* v. *McDonnell,* 78 Cal. 273, 20 Pac. 566; *Dodge* v. *Walley,* 22 Cal. 224, 83 Am. Dec. 61; *Hobbs* v. *Payson,* 85 Me. 498, 27 Atl. 519; *Maker* v. *Lazelle,* 83 Me. 562, 23 Am. St. Rep. 795, 22 Atl. 474; *Hathorn* v. *Hinds,* 69 Me. 326; *Brunswick Savings Inst.* v. *Crossman,* 76 Me. 577; *Brown* v. *Heard,* 85 Me. 294, 27 Atl. 182; *Green Bay etc. Canal Co.* v. *Hewitt,* 55 Wis. 96, 42 Am. Rep. 701.

Appellant argues that he bought without notice of Reilly's equity. The plain answer to that is that the deeds through English and De Rhodes and Smith gave him notice,—1. That Greene had conveyed all his interest and had nothing left, whether that be a whole interest or a half-interest; and 2. That if by any possibility it should be construed that the conveyances only conveyed a half-interest, then he was informed by the deeds and by the record that there was another half-interest out and not yet remaining in Greene. The doctrine of estoppel is that when the principal is estopped that all holding under him and in privity with him are estopped. A deed purporting to convey the whole title estops the grantor and those claiming under him as to further assertion of the legal or equitable title. *Carter* v. *Doe*, 21 Ala. 72; *Stanley* v. *Green*, 12 Cal. 148; *Allyn* v. *Schultz*, 5 Ariz. 152, 48 Pac. 960; *Campbell* v. *Shivers*, 1 Ariz. 161, 25 Pac. 540.

SLOAN, J.—Appellees, B. F. Graham and R. L. Benton, brought this action in the court below against the appellant, Martin Costello, to quiet title to an undivided one-half interest in seven mining claims situated in the Warren Mining District, Cochise County, Arizona, and known as the Ocatea, Horseshoe, Mascot, Greene Valley, Little Mary, Little Elsie, and June Bird mining claims. Costello, in his answer, pleaded by way of cross-complaint that he was the owner of an undivided one-half interest in and to said claims by purchase from one Joseph W. Greene, from whom the plaintiffs claimed title as grantees, and prayed that his title be quieted as against said plaintiffs. The facts, as shown by the records, are these: The claims, the title to which is in controversy, were located by one Joseph W. Greene. At the time of the location of the claims by Greene he entered into a verbal agreement with one James Reilly in which he agreed to give said Reilly a one-half interest in the claims in consideration for the help Reilly was to give him in locating the claims and doing the discovery work and keeping up and doing the annual assessment work. Greene agreed to contribute as his share of the latter the sum of two hundred and fifty dollars annually. Under this agreement Reilly did the annual work on each of the claims agreed to be done by him for the years 1899, 1900, 1901, and 1902. No deed of conveyance was made by Greene to Reilly for the one-half interest the latter

was to get in consideration of his work. On the seventeenth day of November, 1902, Greene executed a power of attorney to one Allen R. English. The empowering clause of the power of attorney read: "I, Joseph W. Greene, of Boston, in the county of Suffolk, and commonwealth of Massachusetts, hereby constitute and appoint Allen R. English, of Tombstone, Arizona, my true and lawful attorney, for me and in my name and stead, to negotiate, bargain and sell, for cash, all my right, title and interest which I am now possessed of in certain mining claims and properties, located in Bisbee, in the Warren Mining District in Arizona." This power of attorney was acknowledged in the following form: "Commonwealth of Massachusetts, Suffolk—ss. Boston, November 17, 1902. Then personally appeared the above named Joseph W. Greene and acknowledged this instrument to be his free act and deed, before me. Albert M. Crowe, Notary Public. [Seal.]" The power of attorney was recorded in the office of the county recorder of Cochise County, November 2, 1902. On November 19, 1902, a conveyance was made by English, as attorney in fact for Greene, to one J. E. De Rhodes. The granting clause in this instrument read: "Does bargain, sell, release and forever quitclaim unto the said party of the second part, his heirs and assigns, all his right, title and interest, being an undivided one half of the following mentioned and described mining claims." The mining claims described were those in controversy in this action. On November 22, 1902, J. E. De Rhodes conveyed to John Hill an undivided one-eighth interest in and to the same mines. On November 29, 1902, Hill conveyed to one James A. Smith all his right, title, and interest in said claims. On the same day De Rhodes and his wife gave a deed to Smith, the granting clause of which stated that they granted, bargained, sold, remised, released, and forever quitclaimed unto the parties of the second part and their heirs and assigns "all their estate, right, title, and interest, being an undivided three-eighths interest in and to those certain mines," etc., being the property in controversy. On August 3, 1902, Reilly conveyed whatever interest he had to one W. T. Minor, who, by deed dated November 11, 1902, conveyed the interest thus obtained from Reilly to appellees. It further appears that on the tenth day of June, 1903, Greene executed and delivered to appel-

lant, Martin Costello, a deed purporting to convey all his right, title, and interest, described as "being an undivided one-half interest" in and to the mining claims in controversy.

Upon the trial the appellant objected to the introduction of the power of attorney given by Greene to English upon the ground that it was not acknowledged as required by our statute. The action of the court in overruling his objection and admitting the power of attorney in evidence is the basis of the first error assigned by the appellant. By an act of the legislature, approved March 18, 1903, (Laws 1903, p. 56, No. 37,) it was provided "that all defective acknowledgments to conveyance of real estate heretofore made and recorded in the recorder's office of any county of this territory are hereby declared to be valid, provided said acknowledgments were valid according to the laws of the place where they were executed; provided, however, that nothing in this act shall be deemed to affect the competency of any such conveyance as evidence in any suit or other proceeding now pending in any of the courts of the territory." It will be noted that the power of attorney and the conveyances made by Greene to the grantors of appellees were prior to the date when the said act took effect. It remains to be seen, therefore, whether the acknowledgment made to the power of attorney by the Massachusetts notary was valid under the laws of that state. The form of acknowledgment used by the notary appears to have been the one in use and sanctioned by the Massachusetts statutes prior to 1894. Pub. Stats. Mass. 1882, chap. 120. In that year the legislature of that state adopted another form of acknowledgment, and provided in the statute that "either the form of acknowledgment now in use in this state or the following may be used in the case of conveyances or other written instruments." Pub. Stats. Mass. 1894, chap. 253, p. 243. It further appears that by the Revised Statutes of Massachusetts which took effect in January, 1902, another form than that provided by the Statutes of 1894 was adopted, but in this revision it was provided that "any conveyance or other written instrument might be acknowledged in any form and manner theretofore lawfully used." Rev. Laws Mass. p. 1225. It appears, therefore, that the acknowledgment to the power of attorney was in accord with the laws

of Massachusetts, and any defect in its form under our stat-
utes became cured by the provisions of said act of March
18, 1903.

The court found that at the time of the conveyance from
Greene, by English, his attorney in fact, to the grantors of
appellees, that the legal title to the mining claims was in
Greene, but that Reilly, under the verbal agreement hereto-
fore mentioned, was the equitable owner of an undivided
one-half interest. Upon the trial certain letters from Greene
to Reilly were admitted in evidence, over the objection of the
appellant, tending to establish this equitable title in Reilly by
the admissions of Greene. An examination of these letters
shows that Greene did therein acknowledge Reilly's interest
in the claims, and treated him as an equal owner with him
in the property. They were competent as evidence to estab-
lish the ownership of an equitable interest in the claims by
Reilly.

It is contended by appellant that the deed from Greene,
by his attorney in fact, English, to De Rhodes, was a convey-
ance of an undivided one-half interest, and no more, and
that, notwithstanding it purported to be a conveyance of all
his right, title, and interest, the qualifying words, "being an
undivided one-half," limited the grant to a conveyance of a
half interest only. There is abundant authority to sustain the
proposition that such a conveyance is in fact a conveyance
of the whole interest owned by the grantor, and that a qualify-
ing clause of similar import to the one in question is not to
be construed as limiting the general clause of the grant and
of excepting from the conveyance any part of the interest
held by the grantor. *Wilcoxson* v. *Sprague*, 51 Cal. 640;
*McLennan* v. *McDonnell*, 78 Cal. 273, 20 Pac. 566; *Hobbs* v.
*Payson*, 85 Me. 498, 27 Atl. 519. Even were this not the law,
and the deed were to be construed as a conveyance of an
undivided one-half interest in the mining claims by Greene,
the declaration made by Greene in the deed must be con-
strued as importing notice to subsequent purchasers that there
was an undivided one-half interest outstanding, and not
claimed by him. The effect of this would be to charge the
appellant with notice of such outstanding interest at the time
he obtained his conveyance from Greene. He was not, there-
fore, an innocent purchaser, being charged with the notice of

the equitable interest held by Reilly. *De Cordova* v. *Hood,* 17 Wall. 1, 21 L. Ed. 587; *Brush* v. *Ware,* 15 Pet. 93, 10 L. Ed. 672.

The finding of the court that the appellees, through their conveyances from the grantees of Greene and their purchase of the equitable interest owned by Reilly, became the sole owners of the claims, is fully sustained by the proof, and we find no error in the record. The judgment of the court, based upon such finding, must be affirmed, and it is so ordered.

