---

CARLLEE *v.* ELLSBERRY.

Opinion delivered March 25, 1907.

DEED—REPUGNANCY BETWEEN GRANTING AND HABENDUM CLAUSES.—Where the granting clause in a deed conveys the land described to the grantee in fee simple, a proviso in the habendum clause limiting the estate conveyed in certain contingencies to a life estate is repugnant to the granting clause and void.

Appeal from Woodruff Circuit Court, Northern District; *Hance N. Hutton,* Judge; reversed.

*E. M. CarlLee* and *N. W. Norton* for appellants.

In case of conflict in a deed, the granting clause must prevail.   3 Ark. 18; 93 S. W. (Ark.) 979 and cases cited.

*Andrews & Wood* and *Campbell & Stevenson,* for appellee.

1. The intent of the grantor should prevail in the construction of a deed.   3 Ark. 56; 87 Ky. 26; 142 Mo. 310; 71 Mich. 633; 1 N. Y. 102; 46 Mich. 305; 3 Atk. 136; 53 Ark. 185.

2. A deed should be construed as a whole, and effect should be given to every part of it, if possible.   3 Ark. *supra,* and other cases cited by appellant; 42 Pa. St. 386; 1 S. & R. 374; 8 S. W. 846; 14 S. W. 904; 66 S. W. 1023; 170 S. W. 702; 19 S. W. 1097; 86 S. W. 1111; 83 S. W. 436; 44 S. W. 250; 48 S. W. 635; 3 Wash. Real Prop. 468; 3 Kerr, Real prop. 2339; 2 Devlin, Deeds, § 214; 135 Penn. 620; 104 Cal. 298; 72 N. W. 339. The habendum and the proviso immediately following it in this deed limit the estate conveyed to Georgena Ellsberry; and this limitation, being expressed in appropriate words, should be given full force and effect in accordance with the statute.   Kirby's Digest, § 733.

At the common law, a stranger to those mentioned in the premises of a deed might be introduced in the habendum as a grantee in the remainder.   Devlin on Deeds, 2 Ed. § § 219, 220; 70 S. W. 702; 146 Mo. 612; 86 Mo. 671; 165 Mo. 380; 70 N. W. 1006; 37 Pac. 1049; 41 Cal. 290; 60 Ind. 334; 3 Kerr, Real Prop. § 2339; Brewster, Conveyancing, 163.

3. Tiffany, Real Prop. 871. Hence, the appellee, although not appearing as a grantee in the premises of the deed, will take by way of remainder, since he does appear in the proviso following the habendum.   39 S. W. 164; 66 S. W. 1023; 60 Tex. 472; 73 Tex. 133.

4. The word "revert" used by the conveyancer in the deed was inapt, and its meaning should be construed in connection with the manifest intention of the grantor.   3 Wash. Real Prop. 2360.

BATTLE, J. This case involves the construction of so much of a deed executed by John T. Hamblett and wife to Georgena Ellsberry as is in the following words:

"Know all men by these presents, That we, J. T. Hamblett and Cordelia P. Hamblett, his wife, for and in consideration of the sum of one dollar to us in hand paid, and for the love and affection we have for our daughter, Georgena Ellsberry, we hereby convey, sell, give and bequeath to the said Georgena Ellsberry, and unto her heirs and assigns forever, the following lands lying and being situate in the county of Woodruff and State of Arkansas, towit: Lots numbered twelve (12), thirteen, (13) and fourteen (14) in block number fourteen (14) in the town of Augusta, to have and to hold the same unto the said Georgena Ellsberry and unto her heirs and assigns forever, with all the appurtenances thereto belonging. Provided, however, that should the said Georgena Ellsberry die without issue and before her husband, Wm. M. Ellsberry, then the property herein conveyed is to revert unto the said Wm. M. Ellsberry."

The granting clause of the deed conveys the lands described to the grantee in fee simple. The habendum defines the estate the grantee is to take to be the fee simple, with a proviso limiting the estate in certain contingencies to a life estate. The proviso or condition is repugnant to the granting clause. Which prevails?

In *Maker* v. *Lazell,* 83 Me. 562, the court said: "There is one rule pertaining to the construction of deeds, as ancient, general and rigorous as any other. It is the rule that a grantor cannot destroy his own grant, however much he may modify it or load it with conditions,—the rule that, having once granted an estate in his deed, no subsequent clause, even in the same deed, can operate to nullify it. 11 Bac. Abr. 665; Shep. Touch. 79, 102. We do not find that this rule has ever been disregarded, or even seriously questioned, by courts. We find it often stated, approved, and sometimes made a rule of decision. In *Duke of Marlborough* v. *Lord Godolphin,* 2 Ves., Sr., 74, Lord Chancellor Hardwicke, 'in whose judgments equity shone resplendent,' declared that the courts either of law or equity should not adopt such a construction of an instrument of devise as would defeat the interests given. In *Cholmondeley* v. *Clinton,* 2 Jac. & Walk. 84, which was a case most elaborately argued and considered, it was said by the court that where a limitation in a deed is perfect and complete, it cannot be controlled by intention col-

lected from other parts of the same deed." To support this rule of construction, the court cites and comments upon the following cases: *Budd* v. *Brooke,* 3 Gill, 198; *Ackerman* v. *Vreeland,* 14 N. J. Eq. 23; *Wilder* v. *Davenport,* 58 Vt. 642; *Cutler* v. *Tufts,* 3 Pick. 272; *Wilcoxson* v. *Sprague,* 51 Cal. 640; *Green Bay & Mississippi Canal Co.* v. *Hewett,* 55 Wis. 96.

In *Green Bay & Mississippi Canal Company* v. *Hewett,* 55 Wis. 96, Mr. Justice Lyon, delivering the opinion of the court, said: "Which of these two conflicting clauses in the deed of 1873 should prevail? This question must be determined by rules of law * * * governing the construction of deeds. One of these rules is that a deed is always construed most strongly against the grantor. 4 Greenl. Cruise, Real Prop. p. 352, tit. 32, ch. 20, § 13. Another is that where there are two clauses in a deed, and the latter is contradictory to the former, the former shall stand. This is an application of the ancient rule or maxim that 'the first deed and the last will shall operate.' * * * If the subsequent clause in the deed of 1873 is regarded as a habendum, then we have this rule laid down by Cruise in the title above cited (ch. 21, § § 75, 76): 'Where the habendum is repugnant and contrary to the premises, it is void, and the grantee will take the estate given in the premises. This is a consequence of the rule already stated, that deeds shall be construed most strongly against the grantor; therefore he shall not be allowed to contradict or retract, by any subsequent words, the gift or grant made in the premises. Thus, if lands are given in the premises of a deed to A. and his heirs, habendum to A. for life, the habendum is void, because it is utterly repugnant to and irreconcilable with the premises.' "

In *Whetstone* v. *Hunt,* 78 Ark. 230, this court held that where the granting clause and the habendum of a deed conflict the habendum yields and the granting clause prevails. In the case before us the proviso or condition performs the office of a habendum, and there is no reason why it should have any greater force.

In *Scull* v. *Vaugine,* 15 Ark. 695. "Upon division of property among heirs and settlement of the widow's claims upon the estate, the heirs executed a deed * * * by which they conveyed to A. a slave * * * with the proviso that, 'in

the event of his death before he came to the age of twenty-one years, or has heirs of his own, then to revert and become the joint property of the grantors,' * * * the court held, that the conveyance created an absolute estate in the grantee, that the proviso was repugnant to the deed and void."

In *Green Bay & Mississippi Canal Company* v. *Hewett,* 55. Wis. 96, the owner of land conveyed it by deed, quitclaiming in the granting clause all his right, title and interest. By a subsequent clause it was declared that the interest and title intended to· be conveyed was only that acquired by him through a certain deed, conveying an undivided half. It was held that the premises or granting clause controlled the other clause which conflicted with it, and that the grantor's whole interest passed.

In *Case* v. *Dwire,* 60 Iowa, 442, Burwell conveyed land to· Case "to have and to hold the same unto her, the said Case, as her own and indefeasible estate, to be owned, controlled, managed, and, if desired, sold and conveyed by her, or those who may act for her as her legal representatives or guardians during her lifetime," upon condition however that "whatever part or parcel of said premises may be owned or held by the said Case at the time of her decease, or of which she may die seized, or in which she may at that time have any right, title, or interest, shall revert to, vest in, and again become the absolute and indefeasible property of the grantor, or, in case of his death, to his lawful heirs, to the absolute exclusion and inhibition of all other persons or heirs." The court held that Case took an absolute title in fee, and that the condition, being repugnant to the fee, was void, and that, upon the death of Case, the land went to her heirs, and not to Burwell, who survived her. See to· the same effect *Maker* v. *Lazell,* 83 Me. 562; *Pike* v. *Monroe,* 36 Me. 309; 2 Devlin on Deeds (2nd Ed.), § § 838, 960; 1 Jones on "The Law of Real Property in Conveyances," § § 664, 670, and cases cited.

The intent of the testator does not always govern the construction of wills. There are rules of law which control their construction. In *Bernstein* v. *Bramble,* 81 Ark. 480, the will in question contained these words: "All the rest, residue and remainder of my estate, real as well as personal, and wheresoever ·situated, I hereby devise, give and bequeath to my be-

loved wife, Minna Elle, to have and to hold the same in fee simple forever. But in case of the death of my beloved wife, it is my will that all the estate then remaining and not disposed of by her by a last will or other writing shall pass to my said brother, Moritz Elle, and my sister, Henrietta Bernstein, or their heirs in equal parts." This court held that the property in controversy was devised to Minna Elle in fee simple, "with an absolute power of disposition either by sale or devise clearly and unmistakably implied," and that the latter clause being repugnant to the first was void. See authorities cited, and *Ide* v. *Ide*, 5 Mass. 500; *Jackson* v. *Bull*, 10 Johns. 19; and *Jackson* v. *DeLancy*, 13 Johns. 538, 552.

The conveyance in fee simple carries with it the power to dispose of the estate by deed or will. The power of alienation is an inseparable incident of such an estate. So the deed in question conveyed to Mrs. Ellsberry the estate in fee simple with the power to dispose of it. The limitation of it to a life estate was repugnant to the granting clause, and was void.

Reversed and remanded for proceedings consistent with this opinion.