## Bagby v. Bagby.

(Decided January 16, 1913.)

### Appeal from Kenton Circuit Court.

Deeds—Conveyance by Husband and Wife of Wife's Land to Third Person Who Conveyed to Husband—Intention as Shown by Instrument.—A husband and wife united in a deed conveying all of her interest in a tract of land to a third person, and he on the same day conveyed it to the husband, the purpose of the transaction being to vest in the husband all the interest of the wife in the land. Held: That although the wife's interest is described in the deed as one-fourth, when in fact she owned one-half of the land, the husband takes her whole interest, the intention of the deed, as shown by the whole instrument, being to vest in the husband all the interest that the wife had.

J. G. TOMLIN and JNO. L. VEST, for appellant.

M. L. GALVIN and E. J. TRACY, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On December 31, 1870, John Winston conveyed to John M. Bagby and Cordelia Bagby, his wife, a tract of land in Kenton county. Under this deed Bagby and his wife took the property jointly, each owning one-half. On December 24, 1894, Mrs. Bagby, her husband joining with her in the deed, in consideration of love and affection, conveyed to her son, C. O. Bagby, her undivided one-half interest in the property. After this deed had been made C. O. Bagby died unmarried, over the age of twenty-one, intestate and without issue. After his death on March 5, 1895, Bagby and wife executed a deed to J. M. Menifee by which in consideration of one dollar she conveyed to Menifee as follows:

"All my undivided interest in and to a tract of land described hereinafter, which said land is situated in Kenton county, Kentucky, and bounded as follows: (Here follows description) and being the one-half of the same undivided interest conveyed by Cordelia Bagby and J. M. Bagby to C. O. Bagby which said conveyance is now of record at Independence, Kenton county, and the said Cordelia Bagby and J. M. Bagby, who joins his wife herein to enable her to convey, hereby conveys all her undivided interest in and to the land described herein, which the said Cordelia Bagby inherited from her son, C. O. Bagby, being an undivided one-fourth of said land, herein described."

On the same day Menifee conveyed to John M. Bagby, the same property which they had conveyed to him by the deed above referred to. After this Cordelia Bagby died. John Bagby married again and by his second wife had no children. He having died, his heirs at law took possession of the land, and this controversy has arisen between them and Cordelia Bagby's heirs at law, who claim that Cordelia inherited from her son not one-fourth of the land, but one-half of it, and that she only conveyed to Menifee, and Menifee only conveyed to John Bagby one-fourth of the land. The circuit court decided in favor of John Bagby's heirs, and the heirs of Cordelia Bagby appeal.

By section 1393 Ky. St., when a person having title to real estate shall die intestate, it shall descend (1) to his children and their descendents, if none then (2) to his father and mother if both are living, one moiety each. But section 1400 Ky. St. provides:

"When a person dies intestate and without issue, having real estate of inheritance, the gift of either of his parents, such parent, if living, shall inherit the whole of such estate."

C. O. Bagby had received the title to this land as a gift from his mother, and when he died intestate, and without issue, she still living, the whole of the estate passed to her from him under section 1400 Ky. St. and the father took no interest in it. But it is manifest that in the drawing of the deeds from Bagby and wife to Menifee and from Menifee to Bagby, the draftsman had in his mind the provisions of section 1393, and did not have in his mind the provisions of section 1400, or realize that Cordelia Bagby, the mother, inherited from her son the entire estate which she had given to him. And while this is true it is also evident from the two papers that the purpose of the parties in their execution was to vest in the husband all the interest which the wife had inherited from her son in the land. They did not intend to vest in the husband one-half of the interest in the land which she had inherited from her son. The language of the deed is "all my undivided interest." The fact that the draftsman of the deed made a mistake in describing this interest as one-fourth of the land, cannot be permitted to defeat the manifest intention of the parties as apparent on the face of the deeds. The object of all construction is to carry into effect the intention of the parties where this can reasonably be

done under the words which they employ. The purpose of the parties was to vest the title to the wife's part of the land in the husband. She wished to give it to her husband, just as she had given it to her son, and no rule of construction should be permitted to defeat the obvious intention of an instrument apparent from it as a whole. In McLennan v. McDonnell, 78 Cal. 273, the thing conveyed was thus expressed:

"All the right, title and interest of the party of the first part, the same being a one-half undivided interest."

The court held that the deed conveyed all the right of the grantor, and that the words "being a one-half undivided interest" were not intended to limit the previous terms. See also Costello v. Graham, 9 Ariz. 257; Duggins v. Craig, 15 Ky. Law Rep. 124; Gardner v. Pace, 11 Ky. Law Rep. 216. If this was a deed of bargain and sale, and it appeared that the purchaser had only bought an undivided one-fourth interest, and that the parties had intended only to sell an undivided one-fourth interest, a different question would be presented. We rest our judgment on the ground that as shown by the writings the wife intended to vest in her husband all the title she had inherited from her son in the land, and the fact that she misdescribed her interest in no wise changes the effect of the deed.

Judgment affirmed.