**DEATON v. HUTSON.   (No. 2892.)**

(Court of Civil Appeals of Texas.   Texarkana.
            March 13, 1924.)

Deeds ⚙️➤38(1)—Use of words "undivided interest" held not to render deed void for uncertainty.

Deed by owner of undivided half of 160-acre tract, conveying "that certain tract" of land, "same being an undivided interest in 160-acre tract," *held* to convey whole interest of grantor in 160-acre tract, and not void as conveying an indefinite undivided interest.

Appeal from District Court, Trinity County; Carl T. Harper, Judge.

Action by F. M. Deaton against R. L. Hutson. Judgment for defendant, and plaintiff appeals. Affirmed.

R. E. Minton, of Lufkin, for appellant.
Hayne Nelms, of Groveton, for appellee.

WILLSON, C. J. This was a suit by appellant against appellee to partition a tract of 160 acres of land, part of the north league of the Antonio Sepulveda two-league grant in Trinity county. Appellant alleged in his petition that he owned an undivided one-half of the 160 acres, and that appellee owned the other undivided one-half thereof. Appellee in his answer alleged that he owned the entire tract, and that appellant did not own any part of it. It was agreed at the trial that A. E. Tullos and Nancy J. Turner each owned an undivided one-half of the 160 acres May 5, 1906, when Tullos executed and delivered a deed of that date to W. Hutson. Whether this deed was effective as a conveyance or not was and is the controverted question in the case. Appellee, who had acquired such right as W. Hutson had to the land, claimed that the effect of the deed was to convey the Tullos interest to said W. Hutson. On the other hand, appellant, to whom Tullos, by a deed dated December 5, 1908, undertook to convey "an undivided 80 acres of the land," claimed that the deed to W. Hutson was void; that Tullos therefore still owned an undivided one-half of the 160 acres at the date of his said deed of December 5, 1908, and that the effect of that deed was to pass the title to said undivided one-half interest to him (appellant). The trial court sustained appellee's contention and rendered judgment accordingly.

The theory on which appellant claimed that the deed of May 5, 1906, from Tullos to W. Hutson was void was that it could not be ascertained from its face what interest in the 160-acre tract of land Tullos intended to convey. The deed purported to—

"grant, sell and convey all that certain tract or parcel of land in Trinity county, Texas, on the north Sepulveda league of land, same being an undivided interest in a 160-acre tract touching the land owned by Bill Tiner and Margaret Hutton on the west, and same being known as the old Brown place, and bounded as follows, to wit: Beginning at the N. E. corner of the J. A. Sepulveda south league; thence N. 1345 vs.; thence W. 1056 vs.; thence S. to S. E. corner Teetes survey; thence 288½ vs. to the beginning—same being off the J. A. Sapulveda north league, containing 160 acres."

The insistence is that the instrument should not be construed as a conveyance of the undivided one-half interest owned by Tullos, as the trial court construed it, but should be construed instead as a conveyance of an indefinite undivided interest in the land. We think the contention is not tenable. Land Co. v. Land Co., 137 Tenn. 313, 193 S. W. 106; Costello v. Graham, 9 Ariz. 257, 80 Pac. 336; McLennon v. McDonnell, 78 Cal. 273, 20 Pac. 566; Maker v. Lazell, 83 Me. 562, 22 Atl. 474, 23 Am. St. Rep. 795; 2 Devlin on Real Estate, § 838a. In the case first cited the language of the deed was "all right, title, claim and interest, being an undivided one-half interest in certain lands lying," etc. It was held that the effect of the deed was to convey the tract of land in controversy, and not an undivided interest therein. The court said:

"If a grantor conveys all his right, title, and interest, and adds the words, 'being a one-half undivided interest,' the latter words do not limit the extent of the previous terms of grant, or except out any interest conveyed by the earlier words conveying all interest."

In the Costello Case, where the language of the instrument was like that in the deed just referred to above, the court said:

"It is contended by appellant that the deed from Greene, by his attorney in fact, English, to De Rhodes, was a conveyance of an undivided one-half interest, and no more, and that, notwithstanding it purported to be a conveyance of all his right, title, and interest, the qualifying words, 'being an undivided one-half,' limited the grant to a conveyance of a half interest only. There is abundant authority to sustain the proposition that such a conveyance is in fact a conveyance of the whole interest owned by the grantor, and that a qualifying clause of similar import to the one in question is not to be construed as limiting the general clause of the grant and of excepting from the conveyance any part of the interest held by the grantor."

The only difference between the cases cited and the instant one is that in those cases the subject of the conveyance purported to be the grantor's "interest" in the land, while here it was the land itself. We see no reason why the limiting words held to be without effect in those cases should not be held to be without effect in this one. "It is the rule," said the court in the Maker Case, "that a grantor cannot destroy his own grant, however much he may modify it or load it with

⚙️➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

conditions—the rule that having once granted an estate in his deed, no subsequent clause, even in the same deed, can operate to nullify it."

The judgment is affirmed.