[Civ. No. 7142. Third Dist. June 29, 1945.]

LOIS D. LEWIS, Respondent, v. R. V. KOHLS et al., Appellants.

Chas. L. Gilmore for Appellants.

Snyder & Snyder, Gumpert & Mazzera and J. Calvert Snyder for Respondent.

ADAMS, P. J.—Plaintiff brought this action upon a lease of a certain mining claim, executed by her and A. A. Bradley as lessors, and R. V. Kohls as lessee, on July 23, 1941. The complaint was in two counts. The first alleged that plaintiff was, at the time of the execution of the lease, the owner of an undivided five-sixths interest in the mining claim and that A. A. Bradley was the owner of an undivided one-sixth interest; that defendants were in possession under said lease, but that they had not paid the rentals or sums provided for therein, except the sum of $500; that a balance of $2,000 was due and that plaintiff was entitled to recover five-sixths thereof, or the sum of $1,666.66⅔. The second count alleged that a controversy had arisen between plaintiff and defendants relating to plaintiff's rights and defendants' duties under the lease; that defendants had violated certain specified provisions

thereof, but that defendants contended that plaintiff had no right to require defendants to fulfill the contract in those respects. The prayer of the complaint was for a judgment for the sum of $1,666.66⅔ and for a declaration of plaintiff's rights under the contract, and judgment that defendants fulfill the terms thereof within such time as the court might consider reasonable, or, in default thereof that they surrender the premises to plaintiff and that they "execute to plaintiff a conveyance of any and all title which said R. V. Kohls may have acquired in and to said premises"; and for general relief.

Defendants answered, denying for lack of information or belief that plaintiff was owner of a five-sixths interest in the property described in the lease or that she owned in excess of an undivided one-half. They alleged that they were not in default as to payments under the lease, asserting tender and refusal of plaintiff to accept the amount tendered. As to the second cause of action they admitted that a controversy had arisen between plaintiff and defendants regarding the terms of the lease, but denied that they had violated any of same; they further alleged that they had acquired Bradley's one-sixth interest in the leased property, and also that they had "acquired other outstanding interests, and said defendant corporation is now the owner and holder of an undivided one-half interest in and to said premises," but that plaintiff was the owner and holder of the remaining undivided one-half interest. They prayed that defendant Nevada-Wabash Mining Company be adjudged the owner of such one-half interest; that plaintiff be adjudged entitled to the proportionate part of moneys due under the lease, as evidenced by the percentage of her ownership, and that defendants, on making payment to plaintiff be adjudged the owners of an undivided one-half of the premises, or in the alternative, that it be adjudged that the lease be cancelled. Plaintiff made a motion for judgment on the pleadings, which was denied. When the cause came on for trial she introduced evidence which showed the acquisition by defendant Nevada-Wabash Company of the one-sixth interest previously held by A. A. Bradley, the failure of defendants to comply with certain provisions of the lease, and that the sum of $2,000 under its terms was due and unpaid. She then proceeded to introduce documentary evidence to establish her ownership of an undivided five-sixths interest in the property and her consequent right to recover five-sixths of the $2,000 unpaid upon the lease.

Respondent, in her brief, asserts that the chain of her title as shown by the conveyances introduced by her leads inevitably to the conclusion that she owns five-sixths of the Wabash mining claim; that her interest originates either in an agricultural patent by the United States to Thomas E. Middleton issued in 1875, or a mining location made by Thomas J. Burke, Calvin Hammack and William Fleehart, in 1876, depending upon what portion of Section 6, T. 6 N., R. 11 E., M.D.B.&M., contains the claim involved and upon whether Middleton, in obtaining the agricultural patent fraudulently failed to disclose that the land was mineral; but that her interest is the same, under either the patent or the mining location. Specifically, she relies upon a grant deed from one J. W. C. Hammack to one Simon Prouty, executed in 1877, and subsequent conveyances by Prouty and his grantees. The construction to be put upon the said conveyance by J. W. C. Hammack to Prouty is thus conceded to be determinative of the extent of plaintiff's interest. That deed purported to "grant, bargain, sell and convey" to the grantee "all right and title in and to the following mining ground, described as follows, to wit: Bounded on the North by the Talisman Mining Claim; on the South by the Comet Company's Mining Claim; on the West by the North Star Mining ground; and on the East by agricultural land; the interest hereby conveyed, is one third undivided intest in and to the mining claim known as the Wabash mining ground situate in Section Six (6) in Township Six (6) North, Range Eleven (11) East, Mont. Diablo Base and Meridian, Amador County, California. Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; TO Have and to Hold all and singular, the said premises, together with the appurtenances unto the said party of the second part, and to his heirs and assigns forver."

Appellants contend that the foregoing deed conveyed but an undivided one-third interest, while respondent contends that it conveyed the whole of the interest of J. W. C. Hammack. If respondent is correct, she, by conveyances subsequent to the deed to Prouty, became the owner of the whole claim, and, as she thereafter conveyed a one-sixth interest to Bradley, she retained the five-sixths interest claimed by her.

If, however, the disputed deed conveyed only a one-third interest, respondent at the time of the execution of the lease had acquired but a one-half interest, as claimed by appellants.

We shall therefore consider first the effect of the disputed deed. Respondent cites 9 California Jurisprudence 294, section 159, which states that "A general description of land, or interest therein, will not be restricted by a subsequent erroneous, uncertain or inconsistent particular description. . . . Thus, a grant of all the 'right, title and interest' of the grantor, followed by words particularly describing the interest granted, such as 'being a one-half undivided interest' . . . is not limited by the particular recital." She also cites *McLennan* v. *McDonnell*, 78 Cal. 273 [20 P. 566].

In the latter case the deed granted "all the right, title, and interest of the party of the first part, the same being a one-half undivided interest in and to" described real property. It was contended that this deed conveyed only a one-half interest, but the court said, page 277:

"This deed clearly conveys 'all the right, title, and interest' of Campbell. The words 'being a one-half undivided interest' are 'not words limiting the extent of the previous terms of conveyance, or excepting out any interest conveyed by the previous terms.' (*Dodge* v. *Walley*, 22 Cal. [224] 228 [83 Am.Dec. 61] ; *Wilcoxson* v. *Sprague*, 51 Cal. 640.)"

In *Costello* v. *Graham*, 9 Ariz. 257 [80 P. 336], the granting clause in a deed recited that the grantor bargained and sold "all his right, title and interest, being an undivided one-half of the following mentioned and described mining claims." In answer to the contention of appellant in that action, that the deed conveyed no more than an undivided one-half interest, the court said:

"There is abundant authority to sustain the proposition that such a conveyance is in fact a conveyance of the whole interest owned by the grantor, and that a qualifying clause of similar import to the one in question is not to be construed as limiting the general clause of the grant and of excepting from the conveyance any part of the interest held by the grantor. *Wilcoxson* v. *Sprague*, 51 Cal. 640; *McLennan* v. *McDonnell* (Cal.) [78 Cal.273], 20 P. 566; *Hobbs* v. *Payson* (Me.) [85 Me. 498], 27 A. 519."

In *Sequatchie Land Co.* v. *Sewanee Coal, Coke & Land Co.*, 137 Tenn. 313 [193 S.W. 106], a deed conveyed "all right, title,

claim and interest," followed by the words "being an undivided one-half interest." The court applied the rule that an instrument should be construed against the grantor when the description of the quantity of the estate affected is doubtful. It also laid down the rule that if a grantor conveys all his right and interest, and adds the words "being a one-half undivided interest," the latter words do not limit the extent of the previous terms of the grant, or except out any interest conveyed by the earlier words conveying all interest, citing *McLennan* v. *McDonnell, supra,* and other similar cases.

In *Bourne* v. *Farrar,* 180 N.C. 135 [104 S.E. 170], a conveyance of "all his right, title, and interest, being one-third interest," was held to convey, in addition to the one-third interest, a contingent interest in the remainder of the land, the court invoking the rule that when the language in a deed is of doubtful meaning that which is most favorable to the grantee will control.

(Also see *Deaton* v. *Hutson,* (Tex.Civ.App.) 261 S.W. 165, citing and following *Sequatchie Land Co.* v. *Sewanee Coal, Coke & Land Co., Costello* v. *Graham,* and *McLennan* v. *McDonnell, supra; Campbell* v. *Wells,* 278 Ky. 209 [128 S.W.2d 592], and cases therein cited at page 596 which include *McLennan* v. *McDonnell,* and *Costello* v. *Graham, supra; Hoover* v. *Roberts,* 146 Kan. 785 [74 P.2d 152, 115 A.L.R. 182]; *Murphy* v. *Murphy,* 132 N.C. 360 [43 S.E. 922]; *Rogers* v. *Kinney,* 122 Okla. 73 [250 P. 890]; *Realty Securities & D. Co.* v. *National Rubber & Leather Co.,* 122 W.Va. 21 [7 S.E.2d 49]; *Dodge* v. *Walley,* 22 Cal. 224, 228; Civ. Code, §§1069, 1070. Other cases are cited in a comprehensive note in 115 A.L.R. 192, 195 et seq.)

Appellants cite no authorities in support of their contention that plaintiff has not established ownership of a five-sixths interest in the land. In support of their own claim of ownership of an undivided one-half interest they rely upon a quitclaim deed which they secured for $5.00 from one of the two sons of J. W. C. Hammack. They made no showing that said son had ever succeeded to the interest which they claim J. W. C. Hammack retained, nor any showing that the other son predeceased his father. In short, they signally failed to show ownership in themselves or any of them, of anything other than the undivided one-sixth interest formerly owned by Bradley, which it is conceded he acquired from plaintiff,

and thereafter conveyed to Kohls. We are satisfied that plaintiff presented sufficient evidence of title to an undivided five-sixths interest in the leased land to entitle her to five-sixths of the rentals due, to wit, the sum of $1666.66⅔, as found by the court.

Appellants' second contention seems to be that they are not in default under the lease because in February, 1942, they tendered to plaintiff one $500 payment due under the lease, and she refused to accept it. The evidence shows that plaintiff caused to be served on defendants or some of them, a notice to pay $500 which had become due on January 23, 1942, and constituted the third payment provided for by the lease; that on advice of counsel plaintiff refused to accept same because the tender was conditioned upon her signing a receipt therefor which recited that lessee was not in default under any of the terms of the lease—which was not the case. The trial court found that at the time notice was served upon defendants they were in default in the performance of the terms thereof in respect to payment of rental, payment of taxes, and in regard to operations which were agreed to be commenced and prosecuted within specified times. This finding is supported by the testimony of defendant Kohls, president of defendant Nevada-Wabash Mining Company, that defendant had paid taxes only upon the part claimed by the company, that they had failed to move and mill certain ore in a dump as agreed, and that they had milled some ore from the mine but had not paid plaintiff her agreed royalty on same. It is therefore apparent that defendants were in default at the time of the alleged tender and that plaintiff was justified in refusing to sign the receipt as requested.

Appellants now contend that the lease ceased to be effective after this tender and refusal, and that they ceased to be in possession of the property under the lease and are now in possession as tenants in common with plaintiff, that, as such, they cannot be ousted from possession, and that plaintiff cannot compel performance of the lease contract.

The acquisition of the one-sixth interest of Bradley as lessor did not terminate plaintiff's rights under the lease nor change defendants' status as lessees to that of mere tenants in common with plaintiff (*Vucinich* v. *Gordon*, 51 Cal.App.2d 434 [124 P.2d 868]; *Higgins* v. *California P. & A. Co.*, 109 Cal. 304 [41 P. 1087]), and plaintiff's refusal of the $500 tendered did not terminate her rights under the lease. She was,

and still is, entitled to have the lease enforced as to her five-sixths interest in the land, and upon failure of defendants to perform according to its terms to have a surrender by appellants of their rights thereunder upon the terms therein contained.

Plaintiff has not waived or surrendered her rights as lessor. This action was brought to have her rights thereunder declared and enforced within a reasonable time, and, in default of performance by defendants, to secure compliance by them with such provisions of the agreement as are provided for in the event of such default. The court has adjudged that the lease is a subsisting binding agreement, that plaintiff is entitled to five-sixths of the rentals due thereunder, and that in default of performance by defendants thereunder plaintiff has the right to declare a forfeiture of said lease. And it has adjudged that upon failure of defendants to comply with the directions in the judgment, the rights of defendants shall terminate. It has, however, also provided that upon defendants' default plaintiff has the right to have surrendered to her ''the property described in said lease, and including all property of every nature on the said premises, and may require said R. V. Kohls and/or his assignee or assignees, to convey to the plaintiff any and all interest of every nature which he or they may have acquired in the said premises, since the execution of the said lease.'' It has also provided ''that the defendants shall have ninety (90) days from and after notice to them of the entry of this judgment within which to comply with the directions hereinbefore contained, and, in default thereof, and in default of the execution and delivery of said deed as aforesaid, by the defendants this decree shall have the effect and operation at law, and, in equity, of such conveyance, so as to vest title to said premises in the said plaintiff in fee simple; and, in event of such default, the defendants and all persons claiming through or under them, other than the plaintiff, shall be and they hereby are forever debarred, restrained and enjoined from asserting any right, title, or interest in or to any of the above described premises and property, or any part thereof, after such default and the expiration of such ninety-day period hereinabove certified.''

It therefore appears that the judgment entered in said action exceeds the scope of the relief prayed by plaintiff or such as is justified under the terms of the lease. Plaintiff throughout the trial contended, and in her brief on appeal

reasserts, that her action is not one to quiet title but one to have her rights under the lease declared and defendants' obligations thereunder enforced. She does not deny that defendants have acquired and now own a one-sixth interest in the leased premises, and the trial court has so found. Therefore, the judgment, insofar as it provides that in the event of a forfeiture defendants shall convey to plaintiff *all* their interests in the leased premises and the property thereon, and insofar as it provides that in the event that defendants fail to meet the requirements of the judgment as to compliance with the provisions of the lease within the time fixed, title to the *whole* premises shall vest in plaintiff in fee simple, and defendants shall be barred from asserting any right, title or interest in or to *any* of the described premises, is inconsistent with plaintiff's admission and the finding that defendants have a one-sixth interest acquired from Bradley. The judgment is therefore reversed with directions to the trial court to amend same so as to make it consistent with the finding that plaintiff is the owner of an undivided five-sixths interest in the leased premises and that Nevada-Wabash Mining Company is the owner of an undivided one-sixth interest in same; and to provide that upon defendants' default defendants shall surrender and convey to plaintiff only such interest in said premises, the property thereon, and said lease, as is consistent with her ownership of an undivided five-sixths interest in the leased premises.

Peek, J., and Thompson, J., concurred.