Jeakins v. Frazier.

EDWARD JEAKINS v. N. F. FRAZIER.

No, 11,957.*   (67 Pac. 854.)

SYLLABUS BY THE COURT.

MISTAKE OF LAW—*Relief in Equity—Effect of Decree.* While a court of equity will sometimes grant relief where parties have contracted under a mutual mistake of the law, yet, where the means of knowledge were equal, and no undue advantage was taken, such court will not interpose its powers when the effect of a decree would be to give to one litigant, and take from another, something of value not in contemplation by the parties at the time of the contract, without any consideration being paid therefor.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed February 8, 1902. Reversed.

*Redden & Kramer,* for plaintiff in error.
*Buck & Spencer,* for defendant in error.

The opinion of the court was delivered by

ELLIS, J.: In 1883 Serena J. Jeakins died intestate in Butler county, Kansas, seized of a tract of 480 acres of land lying in that county, and leaving her husband, Edward Jeakins, plaintiff in error, and six children surviving her. One child of the marriage, named Edward, died in 1869, while an infant. After the decease of Mrs. Jeakins, her sister, Parmilly Scheel, was appointed guardian of four of the minor children, and continued so to act until two of said minors arrived at their majority, after which, as such guardian, with the approval of the probate court of said Butler county, she sold and conveyed to her husband, Carl Scheel, the interest of the remaining two

*For opinion by court of appeals, see 9 Kan. App. 850, 62 Pac. 354.—REP.

minors, describing such interest as an undivided one-twelfth each. Previous to said sale she had bought the interests of two of the older children who had attained to majority, and in the conveyance from one of them her interest was described as an undivided one-twelfth. These two deeds to her were made in February, 1886, and in the month of March thereafter Mrs. Scheel made an oral agreement with plaintiff in error to buy his interest in the estate, and she testified that he agreed to sell her all his interest therein, and informed her that such interest was an undivided one-half thereof. The parties repaired to the office of Buck, Feighan & Evans, attorneys, at Emporia, and Jeakins then and there informed Judge Buck that he had sold his interest in the farm to Mrs. Scheel, and in reply to a question said his interest was an undivided one-half, and that was all. This conversation took place in the presence of Mrs. Scheel, the purchaser, and her husband. Thereupon, Judge Buck dictated a deed to the lands from Jeakins to Mrs. Scheel, describing the interest conveyed as an undivided one-half. Thereafter, and in 1888, Mrs. Scheel purchased the interests of the two remaining living heirs, and the conveyances to her each described the interest conveyed as one-twelfth.

On November 12, 1894, Mrs. Scheel and her husband conveyed by warranty deed the entire estate to N. F. Frazier, defendant in error, who took possession thereof on March 1, 1895. The evidence tended to show that after making the conveyance, in March, 1886, to Mrs. Scheel, Mr. Jeakins asserted no dominion over the land, or paid any taxes thereon, or made any claim of ownership to any interest therein, until shortly before this suit was commenced, in December, 1897.

Jeakins v. Frazier.

This is an action in ejectment brought by said Jeakins to recover a one-fourteenth interest in said tract of land which he claims to have inherited from his deceased child Edward, and to recover for the rents, issues and profits of said land while the same has been occupied by said Frazier. The action was brought in the district court of Butler county, and the plaintiff, after proving title to the land in his deceased wife, her decease without a will, the birth of the seven children, the death of the child Edward, the conveyance by plaintiff of an undivided one-half interest in the land to Mrs. Scheel, and the rental value of the property during the time the same was in the possession of the defendant below, rested his case. Thereupon the defendant Frazier offered in evidence all of the conveyances hereinbefore referred to, and the oral statements of plaintiff above recited, and also proved that, at the time of the conveyance of the land by Jeakins to Mrs. Scheel, she and her husband gave back to him a mortgage upon an undivided one-half interest in said land to secure the full amount of the purchase-price. The defendant also proved that in 1883, soon after the death of his wife, Jeakins executed a mortgage to Carl Scheel upon an undivided one-half interest in said land to indemnify the mortgagee for signing a bond with said Jeakins as administrator of his wife's estate. The bond was not executed, as another was appointed administrator.

It satisfactorily appeared from the evidence, and, indeed, was admitted in the oral argument in this case, that from the relations existing between Mrs. Scheel and her deceased sister, the former must have known of the birth and death of the child Edward at or about the time the same occurred and long before he ever sought to acquire any title to the lands in

dispute. Upon the completion of the evidence of the defendant, the trial court sustained a demurrer thereto and submitted to the jury only the question of the value of the rents and profits during the time the property was withheld from plaintiff by defendant, to wit, from March 1, 1895, to December 7, 1897, and which the jury found to be the sum of $123. Judgment being entered accordingly, defendant Frazier brought error to this court.

Numerous errors are assigned, which will not be separately considered, because they are all subservient to one governing principle in the case. It must be assumed that Edward Jeakins did tell Mrs. Scheel that his interest in the farm was only one-half and that he would sell such one-half interest to her for $3500. It cannot be said, however, that she bought in reliance upon such assertion, for all the facts and circumstances disprove it, and although a witness on behalf of the defendant, she made no such statement or pretense. On the contrary, the fact that she bought the interest of two of the heirs before dealing with Jeakins clearly shows that she relied upon her own knowledge as to the number and respective interests of the heirs surviving her sister, and that she depended upon her brother-in-law neither for information as to the facts nor for advice as to the law. No claim is made that plaintiff then understood or believed he had any greater interest in the estate of his wife than that which he conveyed to his sister-in-law. In other words, these parties, acting under a mutual mistake in regard to the law, made a contract; one executed and the other accepted a conveyance, which was dictated in their presence and afterward read over to them, and which fairly expressed the agreement they had sought to make in their negotiations.

Under the law as it then existed in Kansas, plaintiff, without his knowledge, was really the owner of an eight-fourteenths interest in the land, as he inherited a one-fourteenth interest from his deceased child. The defendant seeks to reform the deed, and asks the court to convey to Mrs. Scheel, for the use of the defendant, that one-fourteenth interest. Equity will sometimes grant relief where parties have acted under a mutual mistake of the law, but it will never do so when the effect of a decree is to give to one party and take from another something of value without any consideration being paid therefor. (See authorities in note to *Black v. Ward*, 15 Am. Rep. 171.)

In his work on Equity Jurisprudence, Mr. Pomeroy says:

"Wherever a person is ignorant or mistaken with respect to his own antecedent and existing private legal rights, interests, estates, duties, liabilities, or other relation, either of property or contract or personal *status*, and enters into some transaction the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous to, if not identical with, a mistake of fact." (2 Pom. Eq. Jur. § 849.)

See, also, *Renard v. Clink*, 91 Mich. 1, and notes to same case in 30 Am. St. Rep. 460.

The evidence in this case proves beyond doubt that both Jeakins and Mrs. Scheel were mistaken with respect to the former's interest in the land, and there is no testimony showing or tending to show that the consideration agreed upon for the one-half interest conveyed would have been considered adequate by either of the parties had they known what plaintiff's

real interest therein was. Indeed, it appears that for some of the separate interests purchased by her Mrs. Scheel paid more in proportion than she contracted to pay Jeakins, assuming that his interest was but one-half.

This is the controlling proposition in the case: A court of equity may not say from the evidence adduced, or rather the lack of it, that Jeakins would have accepted $3500 for an eight-fourteenths interest in the land, when such interest would have been worth $500 more if sold upon the same basis as to value as was the one-half interest conveyed. It is as much the duty of a court of conscience to protect a grantor as it is to aid a grantee. We may not take something of value from him without consideration merely because he was ignorant of his ownership, unless it appears that he has done some act to mislead the other party, or that such other party did not have equal knowledge or means of information.

The appellate court, acting upon a view of the case which we cannot approve, reversed the judgment and ordered a new trial, because, it said, the "defense was sufficiently made out by the evidence to require counter-evidence on the part of the plaintiff, and the court erred in sustaining the demurrer and in rendering judgment for the plaintiff." (*Frazier v. Jeakins*, 9 Kan. App. 850, 62 Pac. 354.)

In the view we have taken, the evidence in the court below was not sufficient to compel or permit a reformation of the deed, and it would have been idle and perfunctory to submit it to the jury. The case as presented here, and in the original pleadings by the defendant, is treated as one of estoppel rather than a mutual mistake of law. It is apparent, however, that at least two essential elements of estoppel

are wanting, namely: (1) Intentional misrepresentation, or misstatements made under such circumstances as that they should be treated as made with intent to deceive; and (2) trust reposed therein by the party injured, if, indeed, it may be said that one who obtains just what she purchases and intends to purchase may be regarded as having been injured because she did not get something for which she did not contract and did not pay. It is said by defendant's counsel that Mrs. Scheel would not have purchased a half interest of plaintiff if she had supposed that he was retaining the fourteenth interest which he did not transfer. What she would or would not have done under other circumstances is problematical; what she did, acting with full knowledge of all the facts as they existed, but while ignorant of the law applicable thereto, is ascertained. Assuming that she would not have purchased at all if she had not believed the muniment of title to be acquired would be ever thereafter unassailable by plaintiff, still it does not follow that for a greater interest she would not have been willing to pay a larger sum of money, or that plaintiff would have accepted the same consideration for his entire interest, which, determined by the rule of value adopted by the parties, was worth one-seventh more than he received.

The judgment of the court of appeals is reversed, and that of the district court affirmed.

JOHNSTON, CUNNINGHAM, GREENE, JJ., concurring.