No. 30,090.

MINNIE PRICER, *Appellee,* v. ELLA M. SIMONTON, TOLBERT SCHILLING, OSCAR SCHILLING, BERTHA ROBERTS, J. G. SCHILLING, A. J. SCHILLING, M. B. SCHILLING and WILLIAM N. SCHILLING, Executors of the Estate of Anna A. Crandall, Deceased, *Appellants.*

(5 P. 2d 835.)

Opinion filed December 12, 1931.

*Arthur S. Brewster*, of Troy, *Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Virgil V. Scholes* and *Margaret McGurnahan*, all of Topeka, for the appellants.

*W. E. Archer* and *John L. Gernon*, both of Hiawatha, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was one seeking the construction of a will, quieting title to real estate and to establish the ownership of certain personal property. Judgment was for plaintiff on the pleadings and opening statement of defendant. Defendant appeals.

The will in controversy is as follows:

"I give, devise and bequeath to my wife, Anna A. Crandall, all of my property, both real and personal or mixed, and wherever the same be situated, giving my said wife full power to mortgage or sell said property as she may see fit.

"Should my wife die before I do, or should there remain some of my property at the death of my wife, Anna A. Crandall, then I give, devise and bequeath said property to my daughter, Minnie Pricer."

D. G. Crandall died leaving surviving him his wife, Anna A. Crandall, and a daughter by a former marriage, Minnie Pricer. Anna A. Crandall elected to take under the will. She proceeded to wind up her husband's estate. A few months after the death of D. G. Crandall, Anna A. Crandall died. She left a will devising the property in question to some of her own children by a former marriage. This action was brought by Minnie Pricer to quiet her title to the real estate in question and to establish her right to certain stock which stood in the name of her father at the time of his death.

In her petition she alleged the relationship of the parties and described the real estate in question and the stock that stood in her father's name when he died. She set out a copy of her father's will and alleged that this only gave Mrs. Crandall a life estate, and alleged that Mrs. Crandall had attempted to convey all of the property by her will in spite of the fact that she had only a life estate.

Appellants filed an answer in which it was alleged that the will of D. G. Crandall conveyed an estate in fee simple to Anna A. Crandall. This answer admitted that Anna A. Crandall elected to take under the will of D. G. Crandall, but alleged that she believed at that time she took a fee-simple title to all the lands of which D. G. Crandall died seized and took under the will all the personal property of which he died possessed. The answer further alleged that the title to the real property in question stood in the name of D. G. Crandall and Anna A. Crandall at the time of his death and that Anna A. Crandall had furnished practically all the money that was used for the purchase of this real estate from her own personal funds. The answer further alleged the shares of stock of the Kansas Power and Light Company standing in the name of D. G. Crandall when he died were purchased largely with money furnished by Anna A. Crandall and she, in fact, was the owner of this stock or a large interest therein. The answer also alleged the payment of the taxes on the property out of the money of Anna A. Crandall and the making of valuable improvements thereon out of her personal funds. The answer prayed "that the court construe the will of the said D. G. Crandall, deceased, and in case the court should construe the will in such way that said Anna A. Crandall took only a life estate in any of the real or personal property left by the said D. G. Crandall, then that the court determine the interest that the said Anna A. Crandall had in all of the real estate described in plaintiff's petition, taking into account all money paid by her in the purchase of said real estate, any improvements placed on said real estate by her and the amounts paid since her death out of her estate in the way of taxes upon said real estate; and if the court find that the said D. G. Crandall died seized of an undivided one-half interest in said real estate described in said petition, and that the said Minnie Pricer is entitled to the interest of said D. G. Crandall in said real estate, then that such interest be charged with its proportion of the amount spent by said Anna A. Crandall in the purchase of said lands and in making improvements and paying taxes thereon; and further prays that the court find and adjudge that at the time of the death of said Anna A. Crandall she was the owner of the personal property described in plaintiff's petition, and for such other and further relief as in law and equity these answering defendants may be entitled to in the premises."

To this answer plaintiff filed a reply denying the allegations of the answer with reference to the amount of money that Mr. Crandall had furnished for the purchase of the real estate and personal property in question and setting out the amounts that it was claimed she had furnished.

Trial was to the court. After the statement of the case by plaintiff's counsel, defendants' counsel stated the case about as detailed here. At the close of this statement a motion by plaintiff for judgment on the answer and opening statement was sustained. It is from that order that the appeal is taken.

The claim that the will of D. G. Crandall gave Mrs. Crandall more than a life estate in the property of which he died seized and possessed cannot be sustained. The language of this will does not contain so strong an implication that more than a life estate was intended to be created as the will construed in *Smith v. Judge,* 133 Kan. 112, 298 Pac. 851. There it was held that the will under consideration created only a life estate.

It is contended that the contribution made by Mrs. Crandall to the purchase price of the real estate may be shown and that if she contributed more than one-half of the purchase price, then she owned more than an undivided one-half interest at the time of the death of her husband, regardless of the will. The same argument is made as to the stock which stood in Mr. Crandall's name at the time of his death. Where the real estate is conveyed to man and wife, naming them, the presumption is that each took an undivided one-half interest. (*Olson v. Peterson,* 88 Kan. 350, 128 Pac. 191.) What the argument of appellants amounts to is a claim that D. G. Crandall held his undivided one-half of the real estate in question in trust for Mrs. Crandall.

This is against the provisions of R. S. 67-406. There are exceptions to the above statute and the one which it might be argued applies is that part of R. S. 67-408, as follows: "The provisions of the section next before the last shall not extend to cases where . . . it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof." In order for this section to be of benefit to appellants, however, there should have been an allegation of agreement on the part of Mr. and Mrs. Crandall to create a trust. (*Clester v.*

*Clester,* 90 Kan. 638, 135 Pac. 996.) There were no allegations of that nature pleaded in the answer in this case. We conclude, therefore, that the argument with reference to the real estate is not good.

It is claimed that the stock in the power company was bought with money furnished by Mrs. Crandall and that, therefore, it was the property of Mrs. Crandall at the death of Mr. Crandall and she did not take it under the will. There is no allegation in the answer that there was any agreement that the stock should belong to Mr. Crandall even though it was taken in his name. As far as the pleadings and statement go, there might have been an agreement on the part of Mrs. Crandall that the stock should belong to him. The presumption is that the stock belonged to the person in whose name it stood on the books of the company. The mere allegation that some one else paid for the stock without any allegation that there was an agreement that it should belong to the person who paid for it rather than the one in whose name it stood is not sufficient to overcome that presumption.

The judgment of the trial court is affirmed.