No. 15,297.

PATCH ET AL. *v.* PATCH-SMITH.

(155 P. [2d] 765)

Decided January 22, 1945.

Mr. MILTON C. GARWOOD, Mr. OMAR E. GARWOOD, for plaintiffs in error.

Mr. HORATIO S. RAMSEY, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS case involves the construction of the will of James E. Patch, which was duly admitted to probate in the county court of Arapahoe county. The four disposing paragraphs read as follows:

"First, It is my wish that all my just debts be paid in full.

"Second, I give and bequeath to my wife Augusta Patch all of my property, real and personal, wherever located, and at her death all of the said property, remaining in her possession, real and personal is to be divided equally between our two children, viz: Mrs. Jennie M. Uhlman and Marie A. Patch-Smith. If either of the said children are deceased at the time of my wife's decease, then the share of each daughter is to go to the child or children of each daughter, respectively. Third, in the case that Marie A. Patch-Smith should be living at the time of my wife's decease, then her share of the estate left by my wife Augusta Patch is to be kept intact for the full use and benefit of the said Marie A. Patch-Smith, and at her demise is to go to her children, to be divided equally between them.

"Fourth, I wish to make it plain that my wife Augusta Patch is to have all of my property, real and personal, to do with as she pleases, she can sell or trade any part of it but what is left at her death is to be divided as specified above."

All three of the beneficiaries named in the will survived the testator. Marie A. Patch-Smith, one of the testator's daughters, filed a petition asking that the will be construed so as to give, bequeath and devise unto Augusta Patch, the widow of said decedent, a life estate, with the right in the widow to sell or trade the same during her lifetime upon making a report to the court. The other daughter and the widow answered, asking that the court decree that the widow take a fee simple estate in all of the real estate of the decedent.

The county judge held that testator's intention was to give his wife a life estate, with the remainder to the

children. The district court held likewise, but enlarged the powers of the widow over those awarded in the county court decree by providing: "That said Augusta Patch shall have the authority and power to sell, trade and convert any property, real and personal for her own use as fully as if she were the owner of it, but that she cannot give it away or will it away, or in any manner dispose of it except for her personal maintenance and support, and that she shall in no way dispose of or destroy the remainder after such use, for which purposes she is a trustee under the will." The court also decreed all of the third paragraph of the will to be null and void.

The case then was brought here on writ of error, with very little of the record from the trial court, but with an agreed statement in accordance with rule 112 of our Rules of Civil Procedure. Plaintiffs in error seek reversal on application for supersedeas, and defendant in error joins them in asking that the case be determined on such application. We have concluded so to dispose of the matter.

From a stipulation recently entered into, since the case came here, it appears that the inventory on file in the county court in the matter of the estate of testator "discloses no real or personal property in the state of Colorado, but discloses the following real property in the state of Kansas [then follows the description of a quarter section of land and two separate lots or parcels in the city of Topeka, Kansas]."

Counsel for plaintiffs in error cite cases from a number of other jurisdictions as well as our recent opinion in *McLaughlin v. Collins*, 109 Colo. 377, 125 P. (2d) 633, in support of their contention that the will should be construed so as to give an estate in fee to the widow, and they conclude their reply brief with the statement: "We are therefore willing to rest our case on the precedent laid down by this court in McLaughlin v. Collins [supra]."

Counsel for defendant in error, after arguing that the language in the will here under construction does not bring it within the principles of *McLaughlin v. Collins, supra,* raise the additional point that all of the property involved is real estate located in Kansas, and that the interpretation of the will must therefore be controlled by the pertinent rules laid down by the courts of Kansas and not those of Colorado; that Kansas decisions in the cases of similarly worded testamentary provisions indicate that the widow would not be entitled to an estate in fee, but would be awarded simply a life estate with remainder over to the two daughters.

We agree with the contention that the law governing the interpretation of the will here involved is the law in force in the state of Kansas pertaining to testamentary dispositions, and not the law of Colorado, for the reason that·all of the property involved under the will consists of real estate situate in the former state. This is the general rule of construction as set forth in 12 C.J. 483, section 91, which is as follows: "The law of the testator's domicile at the time of the making of his will enters into and forms one of the surrounding circumstances in the light of which his intention is to be determined. And it may be stated as a general rule that as to its effect with reference to movables a will is to be construed according to the law of the testator's domicile, unless his intention that some other law shall govern is apparent. As to the effect of a testamentary disposition of immovables, however, it has been held that the lex rei sitae is to control. Where a will affects lands within a state, the courts of that state are not bound to adopt the construction placed on it by the courts of another state." See, also, 15 C.J.S., p. 945, §21. The courts of both Kansas and Colorado have followed this rule.

The opinion in *Larned v. Larned,* 98 Kan. 328, 158 Pac. 3, contains this statement: "The law of the domicile and the effect given to its provisions by the courts

of that jurisdiction may be examined to aid in finding the intention of the testator, but when it comes to the disposition of real property the law of the place where the property is situated must control."

Mr. Justice Campbell, speaking for our court in *Blatt v. Blatt,* 79 Colo. 57, p. 66, 243 Pac. 1099, 1103, 57 A.L.R. 221, cited 12 C.J. 483, supra, also calling attention to 18 C.J. 809, and 40 Cyc. 1383, quoting with approval a paragraph from the latter work. His opinion also contains the following: *"Peet v. Peet,* 229 Ill. 341, 82 N.E. 376, 13 L.R.A. (N.S.) 780, 11 Ann. Cas. 492, collects many authorities and enforces the rule that where a will affects land within a state the courts of that state are not bound to adopt the construction placed upon it by the courts of another state where the will was executed. In *Clarke v. Clarke,* 178 U. S. 186, 20 Sup. Ct. 873, 44 L. Ed. 1028, in an.opinion by the late Chief Justice White, it was held to be a doctrine firmly established that the law of a state in which land is situate controls and governs its transmission by will or its passage in case of intestacy, and that we must look to the law of the state for rules which govern its descent, alienation and transfer and for the effect and construction of wills."

Since it is clear that the lex rei sitae is determinative of the disposition of this case, it seems unnecessary to compare the words of the will here involved with those of wills in cases construed in our jurisdiction. The question presented is, How would the Kansas courts construe the provisions in the Patch will?

██ Although it might be argued that some of the earlier Kansas decisions would warrant a construction of the Patch will which would give a fee simple title to the widow (*McNutt v. McComb,* 61 Kan. 25, 58 Pac. 965; *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87), there seems little question but what the more recent cases—those announcing the law both at the time the will was executed in 1936 and as of the time it was admitted to

probate, would clearly support that construction which would award a life estate to the widow and the remainder to the two daughters.

In *Smith v. Judge* (1931) 133 Kan. 112, 298 Pac. 651, the syllabus by the court reads:

"Where the provisions of a will were as follows: 'I give, devise and bequeath to my beloved sister, Nellie M. Robinson, all of the property, real, personal and mixed, of which I die possessed or to which I shall be entitled at the time of my death, to have and to hold the same with all the rents and profits hereon during her lifetime; hereby giving to my said sister, Nellie M. Robinson, full power and authority to sell and dispose of any and all of such property at public or private sale and upon terms and conditions which may be deemed suitable to her and to use the proceeds thereof for her support and convenience or for reinvestment or for gifts to charitable or religious purposes; giving to my said sister full power and authority to make deeds and conveyances of any and all of my real estate as full as I might myself, if I were alive. After the death of my said sister full power and authority to make deeds then I give, devise and bequeath all of my said property or the proceeds of the reinvestment of the same to my beloved nephew and niece, Harry E. Judge and Myra Harvey, and in such shares as shall be designated in writing by my said sister, Nellie M. Robinson,' it is held that it did not authorize the sister, or donee, to make gifts to charitable or religious purposes by her will, but the mode of making such was limited to deed or transfer inter vivos.

"The provisions of the will described in the first paragraph of this syllabus considered, and it is held that the dominant purpose of the testator was to give a life estate to his sister with estate in remainder to his niece and nephew, and that the use of the proceeds for the sister's support and convenience and for gifts to char-

itable or religious purposes was merely incidental thereto."

In that case the court discussed a number of earlier Kansas cases, and included, inter alia, its synopsis of the following authorities:

"In the case of *Pearson v. Orcutt, supra,* [106 Kan. 610, 189 Pac. 160] the testator devised and bequeathed to his wife all of his property with power to sell and dispose in any way she may desire, followed by this modification: 'But I further direct that in case that she shall not have sold or disposed of all my said property prior to her death, then out of such of my estate as shall remain (one bequest of $50) and the remainder thereof shall be divided among my five children.' It was there held: '* * * That the will gave to the widow a life estate coupled with a qualified power of disposition of the fee, and that the power did not extend to the making of. such conveyance.' [She having executed a deed to a grandson.]

"In the case of *Scott v. Gillespie,* 103 Kan. 745, 176 Pac. 132, it was held that the will gave to the wife a life estate with power of disposal and remainder to the children, where it devised to her all the residue of his estate to have and enjoy, sell or dispose of in any manner she may see fit, and upon her death all the property she may die seized of shall then be distributed among the children, share and share alike."

"In the case of *Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527, it was held that the will gave the wife a life estate with power to dispose of the fee and the property undisposed of at her death to descend to three heirs, where it gave to the wife all the residue of the property, real and personal, to have and to use and to dispose of during. her natural life and after her death to be divided equally among three certain heirs."

The court in the Scott-Gillespie case, 103 Kan. 745, in turn epitomizes the holding in *Postlethwaite v. Edson,* 98 Kan. 444, 155 Pac. 802, as follows: "The joint will

of the husband and wife gave all the estate of which the one dying first should be seized, to the other to be owned and disposed of as the survivor might desire, and upon the death of such survivor all the estate not disposed of was devised and bequeathed to their children in equal parts. It was held that this vested in the survivor a life estate with the added power of disposal, remainder to the children." *Postlethwaite v. Edson, supra,* in turn contains a discussion of still earlier Kansas cases, from which it appears that *McNutt v. McComb* and *Holt v. Wilson, supra,* were distinguished and not followed in *Bullock v. Wiltberger,* 92 Kan. 900, 142 Pac. 950. A study of the opinion in the latter case marks it as a turning point where the Kansas courts have veered away from the principle enunciated earlier in *McNutt v. McComb* and *Holt v. Wilson, supra.*

In *Pricer v. Simonton,* 134 Kan. 211, 5 P. (2d) 835, the will, as in some of the other Kansas cases already discussed, seems to have given the widow broader powers in the disposal of property devised and bequeathed to her than were conferred by the will in the instant case. For in the Pricer case the syllabus by the court reads in part as follows: "In an action to construe a will it is held, that a will containing the following clause: 'I give, devise and bequeath to my wife, Anna A. Crandall, all of my property, both real and personal or mixed, and wherever the same be situated, giving my said wife full power to mortgage or sell said property as she may see fit. Should my wife die before I do, or should there remain some of my proyerty at the death of my wife, Anna A. Crandall, then I give, devise and bequeath said property to my daughter, Minnie Pricer.' created only a life estate in Mrs. Crandall."

And finally, in *Hoover v. Roberts,* 146 Kan. 785, 796, 74 P. (2d) 152, 115 A.L.R. 182, there is a dissenting opinion to the construction of a will adopted by the majority, but both majority and dissenting opinions are in agreement that the rule that the first taker has a fee

194

simple title absolute and that the gift over is void, has been abandoned in Kansas; and in the dissenting opinion an historical summary includes the following: "In that state, since *Markham v. Waterman*, 105 Kan. 93, 181 Pac. 621, the case of *McNutt v. McCombs* has not been followed. In the Markham case, it was held that the fee given the first taker is cut down to a life estate coupled with a power to convey the fee, with a remainder over. (*Pricer v. Simonton*, 134 Kan. 211, 5 P. 2d 835.) Compare Restatement of Property, section 108, Comments *e* and *f.* * * *"

We conclude that the courts of Kansas would interpret the Patch will substantially in the same manner as have our trial courts in the instant case.

No specification or cross-specification of error having been made by reason of the variance between the decree entered by the district court and that announced by the county court, the judgment of the former is affirmed.